**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION**

| | |
|---|---|
| INTERNATIONALREFUGEE ASSISTANCE PROJECT, et al., <br><br> Plaintiffs, <br><br> v. <br><br> DONALD TRUMP, et al, <br><br> Defendants. | Civil Action No.: 8:17-CV-00361-TDC |

**PLAINTTIFS' MOTION FOR EXPEDITED DISCOVERY
AND SUPPORTING MEMORANDUM OF LAW**

Plaintiffs respectfully submit this memorandum in support of their Motion for Expedited Discovery. As alleged in Plaintiffs' Complaint, the January 27, 2017 Executive Order violates two core constitutional protections—the guarantee that the government will not establish, favor, discriminate against, or condemn any religion, and the guarantee of equal protection of the laws— as well as federal statutes. Defendants have now indicated that they will replace that January 27 Order with another executive order similar in design and effect, but modified to address some of the problems noted by the Ninth Circuit in its decision declining to stay an injunction of the January 27 Order. *See Washington v. Trump*, No. 17-35105, Appellants' Supp. Br. on *En Banc* Consideration at 4 (9th Cir. Feb. 16, 2017); *see also* Gabby Morrongiello, "Miller: 'Nothing was wrong' with Trump's travel ban," *Washington Examiner*, Feb. 21, 2017, *available at* http://www.washingtonexaminer.com/miller-nothing-was-wrong-with-trumps-travel-ban/article/2615418 (senior White House official stating that new executive order will have "mostly minor technical differences. Fundamentally, you're still going to have the same policy

outcome for the country."). Based on these statements, Plaintiffs anticipate that the new executive order will threaten them with immediate irreparable injury and that they will need to swiftly seek to bar its implementation in its entirety by moving for a temporary restraining order and preliminary injunction.

Plaintiffs seek narrow and carefully tailored expedited discovery tied directly to the substance of their constitutional and statutory claims against the January 27 Order and its replacement executive order. Specifically, Plaintiffs request written discovery only covering: (1) any memoranda, policies, projections, reports, data, summaries, or similar documents relating to the development of the January 27 Order; (2) any instructions, guidance, memoranda, policies, projections, reports, data, summaries, or similar documents developed by or issued to relevant agencies (e.g., Department of State, Department of Homeland Security and all subcomponents) regarding the implementation and interpretation of the January 27 Order and subsequent court orders; (3) instructions, guidance, memoranda, policies, projections, reports, data, summaries, or similar documents relating to the development of any replacement for the January 27 Order,; and (4) any instructions, guidance, memoranda, policies, projections, reports, data, summaries, or similar documents. *See* Exhibit 1 (Pl.'s Requests for Production), J.R. 1. The requested discovery is limited in scope and, given the rapidly changing political and legal landscape as well as the significant ongoing and anticipated harms to Plaintiffs in this case, appropriate to allow at this time.  As set forth herein, this Court can and should authorize this expedited discovery, which is reasonable under the circumstances and supported by good cause.

## FACTUAL BACKGROUND

On February 7, 2017, Plaintiffs filed this case, challenging in its entirety an executive order signed by President Trump on January 27, 2017, entitled "Protecting the Nation from Terrorist

Entry into the United States" (hereinafter, the "January 27 Order"), which violates various constitutional and federal statutory provisions. In particular, the January 27 Order violates two vital constitutional protections—the guarantee that the government shall make no law respecting an establishment of religion, and the guarantee of equal protection of the laws. *See Washington v. Trump*, No. 17-35105, ___ F.3d ____, 2017 WL 526497 at *7 (9th Cir. Feb. 9, 2017) (noting "the serious nature of the allegations the States have raised with respect to their religious discrimination claims"); *Aziz v. Trump*, No. 17-0116, ___ F. Supp. 3d ____, 2017 WL 580855, at *7-10 (E.D. Va. Feb. 13, 2017) (holding that the Commonwealth of Virginia is likely to succeed on its claim that the Executive Order violates the Establishment Clause).

On February 3, 2017, the U.S. District Court for the Western District of Washington issued a nationwide temporary restraining order enjoining the enforcement of certain sections of the January 27 Order (Sections 3(c), 5(a)-(c), and 5 (e)). *Washington v. Trump*, No. 2:17-cv-00141-JLR, Temporary Restraining Order, (W.D. Wa. Feb. 3, 2017). Following an appeal, on February 9, 2017, the Ninth Circuit denied Defendants' motion to stay the injunction pending appeal, *Washington v. Trump*, 2017 WL 526497 (refusing to stay the district court's preliminary injunction), and subsequently stayed *en banc* proceedings in anticipation of a new replacement Executive Order to be issued by President Trump. *Washington v. Trump*, No. 17-35105, Order Staying En Banc Proceedings (9th Cir. Feb. 16, 2017).

The *Washington v. Trump* decision enjoining certain sections of the January 27 Order remains in effect, but that injunction does not address other constitutionally and statutorily infirm provisions of the January 27 Order, including Section 5(d), which reduces the number of refugees permitted to enter the United States and further suspends the entry of refugees until President Trump "determine[s] that additional admissions would be in the national interest." For the

organizational Plaintiffs in the present action—organizations dedicated to helping refugees resettle in the United States—as well as their clients, the harms they experience due to the January 27 Order have only just begun.

Once the replacement executive order is issued, Plaintiffs anticipate that they will need to move swiftly for a temporary restraining order and preliminary injunction to enjoin its enforcement and prevent further irreparable injury. Plaintiffs therefore request expedited discovery in order to develop the factual record available on the preliminary injunction motion.

## ARGUMENT

### A.  Authority and Standard for Expedited Discovery Requests

District courts have broad discretion over discovery issues arising before them, *Carefirst of Maryland, Inc. v. Carefirst Pregnancy Centers, Inc.*, 334 F.3d 390, 402 (4th Cir. 2003), including those related to the timing of discovery requests. *Hinkle v. City of Clarksburg, W.Va.*, 81 F.3d 416, 426 (4th Cir. 1996) ("District courts enjoy nearly unfettered discretion to control the timing and scope of discovery."); *Dent v. Montgomery Cty. Police Dep't*, 745 F. Supp. 2d 648, 663 (D. Md. 2010) ("District courts have broad discretion to manage the timing of discovery, and the only formal limitation on this discretion with respect to consideration of motions to amend scheduling orders is that the moving party demonstrate good cause.") (internal citations omitted).

The Federal Rules of Civil Procedure also authorize courts to adjust the discovery timeline and to order expedited discovery. *Dimension Data N. Am., Inc. v. Netstar–1, Inc.* 226 F.R.D. 528, 530 (E.D.N.C. 2005); *Malon v. Franklin Fin. Corp.*, No. CIVA 3:14cv671, 2014 WL 5795730 (E.D. Va. Nov. 6, 2014); *Tribal Casino Gaming, Enterprise v. W.G. Yates & Sons Construction Co.*, No. 1:16CV30, 2016 WL 3450829, at *3 (W.D.N.C. June 16, 2010). Fed. R. Civ. P. 26(d)(1) expressly provides that a party may obtain discovery before a Rule 26(f) scheduling conference

"when authorized . . . by court order," as does Local Rule 104.4.  Federal Rules of Civil Procedure 30(a), 33(b), 34(b) and 36 also permit the court to adjust the timing requirements imposed under Rule 26(d) and to expedite the time for responding to discovery requests.

Courts frequently grant expedited discovery in conjunction with preliminary injunction motions, particularly when plaintiffs are at risk of irreparable harm. *See, e.g., Malon v. Franklin Fin. Corp.*, CIV A 3:14cv671, 2014 WL 5795730, at *3 (E.D. Va. Nov. 6 2014) (granting expedited discovery to plaintiff prior to anticipated preliminary injunction motion, where plaintiff had made showing of irreparable harm); *Asheboro Paper & Packaging, Inc. v. Dickinson*, 599 F. Supp. 2d 664, 668 (M.D.N.C. 2009) (noting that the court had granted expedited discovery relating to issues raised by the plaintiff's request for injunctive relief before the preliminary injunction hearing); *see also Ciena Corp. v. Jarrard,* 203 F.3d 312, 324 (4th Cir. 2000) (remanding to the lower court with instructions to provide the defendant an opportunity to conduct expedited discovery in order to file a motion to dissolve a preliminary injunction); *Dan River, Inc. v. Unitex Ltd.*, 624 F.2d 1216, 1220 (4th Cir. 1980) (describing expedited discovery in the district court in preparation for preliminary injunction hearing).

Although "specific standards for evaluating expedited discovery motions are not set out in the Federal Rules of Civil Procedure," a "standard based upon reasonableness or good cause, taking into account the totality of the circumstances" is consistent with the Rules and should be applied when "plaintiff requests expedited discovery in preparation for a preliminary injunction determination." *NetStar-1, Inc*., 226 F.R.D. at 531-32 (collecting cases); *accord, e.g., Chryso, Inc. v. Innovative Concrete Sols. of the Carolinas, LLC*, No. 5:15-CV-115-BR, 2015 WL 12600175, at *3 (E.D.N.C. June 30, 2015) (noting that "[t]he Comments to the Rules of Civil Procedure

recognize that it may be appropriate to allow expedited discovery when a party seeks preliminary injunctive relief").[1]

### B. Plaintiffs' Narrow Request for Expedited Discovery is Reasonable and Supported by Good Cause

#### 1. Plaintiff's Request is Reasonable in Light of the Posture of this Case and the Timing of Underlying Events.

Plaintiffs' request for expedited discovery is reasonable given Plaintiffs' intention to seek a temporary restraining order and preliminary injunction against the replacement executive order that government officials have stated will issue this week.[2] Plaintiffs are making this motion for expedited discovery now in order to obtain additional facts directly relevant to that preliminary injunction motion as quickly as practicable, so that the Court may consider them in deciding on the motion.

Moreover, there is reason to believe that the replacement executive order will, like the January 27 Order, include provisions that are time-limited, so that if any relief is to be effective, it must be obtained quickly. For example, the initial seven-country ban contained in Section 3(c) of

---

[1] Instead of a reasonableness or good cause standard, some courts have adopted "a formulation of the preliminary injunction test" to determine whether to grant expedited processing. *ForceX, Inc. v. Tech. Fusion, LLC*, No. 4:11CV88, 2011 WL 2560110, at *5 (E.D. Va. June 27, 2011). However, as the court in *Netstar-1* explained, "where . . . a plaintiff seeks expedited discovery in order to prepare for a preliminary injunction hearing, it does not make sense to use preliminary injunction analysis factors to determine the propriety of an expedited discovery request." 226 F.R.D at 531 (quoting *Merrill Lynch, Pierce, Fenner & Smith v. O'Connor*, 194 F.R.D. 618, 623 (N.D. Ill. 2000)). To do so would simply duplicate the preliminary injunction analysis—except without the very facts that the expedited discovery motion sought.

If this Court finds that a preliminary injunction test is the appropriate one to apply to this motion, Plaintiffs respectfully request that Plaintiffs' anticipated motion for a temporary restraining order—which will address those factors—be incorporated by reference in, and considered by the Court in deciding, this request.

[2]  Plaintiffs intend to file a Pre-Motion Conference letter with this Court outlining the scope of the proposed motion for a Temporary Restraining Order/Preliminary Injunction once the replacement executive order is issued.

the January 27 Order was to last for 90 days from the date of the Order; a judgment that the ban is unlawful issued on day 91 would have allowed a full 90 days of irreparable injury to accrue while the unlawful ban was being litigated.  Plaintiffs' request for expedited discovery is reasonably timed in light of this ticking-clock problem.

### 2. Plaintiffs' Request is Narrowly Tailored.

The limited expedited paper discovery requested by Plaintiffs is reasonable in its scope and directly related to the claims upon which Plaintiffs intend to move for an injunction.

The discovery Plaintiffs are seeking on an expedited basis is not burdensome. Plaintiffs seek documents relating to the creation and implementation of the January 27 Order and the creation and implementation of the replacement order. These documents are already in the government's possession and should not require an extensive search. Moreover, the validity of the January 27 Order has been challenged in multiple cases around the country, and at least one case— *Washington v. Trump*—is proceeding to discovery at this time. *See Washington v. Trump*, No. 2:17-cv-00141-JLR, Order Regarding Initial Disclosures, Joint Status Report, and Early Settlement (W.D. Wa. Feb. 15, 2017) (setting the deadline for the Rule 26(f) conference at March 1, 2017 and the deadline for initial disclosures at March 15, 2017) (attached as Exhibit 2, J.R. 8). Thus, the incremental burden to the government of complying with the limited expedited discovery requested in this case should be minimal.

Even considered in isolation, the expedited discovery requested here is either in line with, or less burdensome than, what courts in this and other Circuits have ordered in other cases. *See, e.g.*, *Tribal Casino Gaming*, 2016 WL 3450829 at *2, 4 (ordering one week of load testing of a hotel garage, requiring partial closure of the garage and potentially causing damage to structure); *Chryso*, 2015 WL 12600175, at *6 (seven interrogatories and six requests for production directed

for each of four defendants); *Malon*, 2014 WL 5795730, at *3-4 (five broad classes of documents); *JTH Tax, Inc. v. M & M Income Tax Serv., Inc.*, No. 6:13-cv-00265-GRA, 2013 WL 460316, at *3 (D.S.C. Feb. 6, 2013) (depositions as well as written discovery); *Nutrition & Fitness, Inc. v. Progressive Emu, Inc.*, No. 5:12-CV-192-F, 2012 WL 1478734, at *5 (E.D.N.C. Apr. 27, 2012) (five depositions including one Rule 30(b)(6) deposition, 20 document requests, and 10 interrogatories); *Laboratory Corp. of Am. Holdings*, 2010 WL 3945111, at *2-3 (seven broad classes of documents and a Rule 30(b)(6) deposition); *U.S. Commodity Futures Trading Comm'n v. Smith,* No. 1:10CV00009, 2010 WL 1759542, at *4–5 (W.D. Va. Feb. 23, 2010) (allowing more than 10 depositions and broad discovery to identify wrongdoing, assets, customers, and customers and Defendants' sources of funds); *Asheboro Paper and Packaging, ,* 599 F. Supp. 2d at 676-77 (at least one deposition, in addition to paper discovery); *Physicians Interactive v. Lathian Systems, Inc.*, No. CA 03-1193-A, 2003 WL 23018270, at *10 (document requests, interrogatories, and physical access to multiple computer systems for the purpose of forensic mirroring); *see also, e.g.*, *Doe v. Johnson*, CV 15-250 TUC DCB (D. Az. Aug. 14, 2015) (granting Plaintiffs and their experts access to detention facilities for physical inspection and documentation via video and photography footage); *Bremson v. United States*, 459 F. Supp. 121, 124 (W.D. Mo. 1978) (deposition of IRS agent and interrogatories);.

Furthermore, the requested discovery is directly related to Plaintiffs' anticipated preliminary injunction motion because it provides further evidence of the discriminatory purpose and effect of the executive orders. To be sure, there is already extensive evidence of this unlawful purpose and effect in publicly available sources. *See, e.g.*, *Aziz*, 2017 WL 580855, at *3-5 (findings of fact in opinion granting partial preliminary injunction); *Washington*, 2017 WL 526497, at *10 (noting that plaintiffs "have offered evidence of numerous statements by the President about his

intent to implement a 'Muslim ban' as well as evidence they claim suggests that the Executive Order was intended to be that ban"); Compl. (doc. # 1) ¶¶ 39-51. That evidence is more than sufficient to show they are likely to succeed in their claim that the January 27 Order or a similar successor violates the Constitution. *Accord Aziz*, 2017 WL 580855, at *7-9 (holding that the plaintiff had established a likelihood of success on claim that January 27 Order violates the Establishment Clause). However, the "sensitive inquiry into such circumstantial and direct evidence of intent as may be available" that the law mandates, *Village of Arlington Heights v. Metropolitan Housing Development Corp.*, 429 U.S. 252, 266 (1977),[3] can only be enhanced by obtaining that evidence directly from the defendant. *Cf. Washington*, 2017 WL 526497, at *10 ("It is well established that evidence of purpose beyond the face of the challenged law may be considered in evaluating Establishment and Equal Protection Clause claims.") (citing, *inter alia*, *Arlington Heights* and *Church of the Lukumi Babalu Aye, Inc.*); *Aziz*, *7-9 (discussing intent evidence).

Finally, evidence regarding the government's implementation of the executive orders will shed light on its construction of those Orders and the various injuries, including irreparable injuries, those Orders cause Plaintiffs. The government's implementation of the January 27 Order was chaotic, secretive, and marked by major reversals. *See, e.g.*, *Aziz*, 2017 WL 580855, at *2 (explaining that lawful permanent residents from banned countries were initially denied entry under the January 27 Order but that on January 29 and 30, administration officials stated—for

---

[3] *Arlington Heights* sets forth a non-exclusive list of factors relevant to intent analysis under equal protection and the Religion Clauses alike, including: the nature and degree of the disparate impact; the historical background and specific series of events leading to the enactment of the challenged Orders; the legislative or administrative history, including contemporaneous statements made by the decisionmaker(s); and any departures from normal processes or substantive considerations. 429 U.S. at 266-68; *see also Church of the Lukumi Babalu Aye, Inc. v. City of Hialeah*, 508 U.S. 520, 540 (1993).

differing reasons—that such individuals would be allowed into the country); Compl. (doc. # 1) ¶¶ 76-99. To the extent there is any ambiguity in the replacement executive order, a more complete evidentiary record regarding what actions the government took to implement the January 27 Order and why, as well as what, if any, further implementing instructions or interpretations the government is issuing with respect to the replacement Executive Order, will assist Plaintiffs and the Court in determining the likely effect of the replacement executive order on the Plaintiffs.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant their Motion for Expedited Discovery to assist Plaintiffs in preparing a motion for a temporary restraining order and preliminary injunction in connection with the replacement Executive Order.

Respectfully submitted,                                    Dated: February 22, 2017


/s/ Omar C. Jadwat                                         Omar C. Jadwat†
_____                                    Lee Gelernt†
                                                           Hina Shamsi†
Karen C. Tumlin†                                           Hugh Handeyside†
Nicholas Espíritu†                                         Sarah L. Mehta†
Melissa S. Keaney†                                         American Civil Liberties Union
Esther Sung†                                               Foundation
National Immigration Law Center                            125 Broad Street, 18th Floor
3435 Wilshire Boulevard, Suite 1600                        New York, NY 10004
Los Angeles, CA 90010                                      Tel: (212) 549-2600
Tel: (213) 639-3900                                        Fax: (212) 549-2654
Fax: (213) 639-3911                                        ojadwat@aclu.org
tumlin@nilc.org                                            lgelernt@aclu.org
espiritu@nilc.org                                          hshamsi@aclu.org
keaney@nilc.org                                            hhandeyside@aclu.org
sung@nilc.org                                              smehta@aclu.org


Justin B. Cox (Bar No. 17550)                              Cecillia D. Wang†
National Immigration Law Center                            Cody H. Wofsy†
1989 College Ave. NE                                       American Civil Liberties Union
Atlanta, GA 30317                                          Foundation
Tel: (678) 404-9119

Fax: (213) 639-3911
cox@nilc.org


† Appearing *pro hac vice*

39 Drumm Street
San Francisco, CA 94111
Tel: (415) 343-0770
Fax: (415) 395-0950
cwang@aclu.org
cwofsy@aclu.org

David Cole†
Daniel Mach†
Heather L. Weaver†
American Civil Liberties Union
Foundation
915 15th Street NW
Washington, DC 20005
Tel: (202) 675-2330
Fax: (202) 457-0805
dcole@aclu.org
dmach@aclu.org
hweaver@aclu.org

/s/ David Rocah
David Rocah (Bar No. 27315)
Deborah A. Jeon (Bar No. 06905)
Sonia Kumar (Bar No. 07196)
Nicholas Taichi Steiner (Bar
No. 19670)
American Civil Liberties Union
  Foundation of Maryland
3600 Clipper Mill Road, Suite 350
Baltimore, MD  21211
Tel: (410) 889-8555
Fax: (410) 366-7838
jeon@aclu-md.org
rocah@aclu-md.org
kumar@aclu-md.org
steiner@aclu-md.org

**CERTIFICATE OF SERVICE**

I hereby certify that on this 22nd day of February, 2017, I caused a PDF version of the foregoing document to be electronically transmitted to the Clerk of the Court, using the CM/ECF System for filing and for transmittal of a Notice of Electronic Filing to all CM/ECF registrants.

By: /s/ Justin B. Cox