# EXHIBIT 1

J.R.00001

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | |
|---|---|
| INTERNATIONAL REFUGEE ASSISTANCE PROJECT, et al., <br><br> Plaintiffs, <br><br> v. <br><br> DONALD TRUMP, et al, <br><br> Defendants. | Civil Action No.: 8:17-CV-00361-TDC |

**PLAINTIFFS' PROPOSED EXPEDITED**

**FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

Pursuant to Fed. R. Civ. P. 34, Plaintiffs request that Defendants produce and permit inspection and copying of the documents listed in this request within seven days from the date of service of this request, unless other arrangements for review or production are agreed upon by counsel.

**Instructions**

1. These instructions and definitions should be construed to require answers based upon the knowledge of, and information available to, you as well as your agents, representatives, employees, servants and, unless privileged, your attorneys. When addressing these Requests, you are to exercise due diligence to secure the requested information, and not merely to respond on the basis of your personal knowledge. The process of responding may require a search of past

and present records and securing information in the possession of current and former employees or other persons associated with Defendant in his official capacity.

2. Please produce all responsive documents that are in Defendant's possession, custody, or control.

3. Please produce all documents as they are kept in the usual course of business.

4. These Requests are continuing in nature. If Defendant obtains additional responsive documents, a supplemental response should be made promptly.

5. Each Request should be answered separately and fully. No part of a Request should be left unanswered merely because an objection is interposed to another part of the Request. If a partial or incomplete answer is provided, you shall state that the answer is partial or incomplete. If there are no responsive documents, then please so state in your Responses.

6. If for any reason it is claimed that any document called for by any Request or part thereof need not be produced, identify each portion of the Request and give each specific ground or reason asserted for not producing the document or part thereof. For any information withheld on the ground of privilege or work product protection, you must produce the information required by Fed. R. Civ. P. 26(b)(5), and specify which privilege is being claimed. For all Requests for which the answers involve both privileged or protected material, and non-privileged or unprotected matter, answer the Request to the extent that it calls for non-privileged and unprotected material.

7. Notwithstanding any definition below, each word, term, or phrase used in these Requests is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure.

J.R.00003

**Definitions**

For the purpose of these Document Requests, the following definitions apply:

1. "Defendant" means any Defendant in the above-captioned action, and his or her representatives, employees, agents, attorneys, accountants, insurers and any person acting on behalf of any of the foregoing.

2. The terms "And," "Or," and "And/Or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

3. "All" means any and all.

4. "Concerning" means related to, referring to, reflecting, describing, evidencing, or constituting.

5. "Document," "instructions," "guidance," "memoranda," "projections," "reports," "data," "summaries," and "guidance" means any record of information in any medium, including, without limitation, handwritten, typed, printed and stored electronically on internal or external hard drives, floppy disks, flash drives, compact discs or "in the cloud," microfilm, microfiches, recorded in sound and/or pictures, or created or reproduced by any other process. The terms "instructions," "guidance," "memoranda," "projections," "reports," "data," "summaries," and "guidance" include, without limitation, emails, official forms or reports, blog posts, instant messages, text messages, letters, correspondence, diaries, memoranda, reports, summaries, handwritten notes, manuals, brochures, books, pamphlets, periodicals, professional manuals, appointment or other calendars, working papers, interdepartmental and/or interoffice communications, statistical statements, graphs, charts, drawings, minutes or records of meetings or conferences, policy

statements, employee files, disciplinary records, training materials, statements, affidavits, bookkeeping entries, financial statements, tax returns, records or recordings of oral conversations or meetings, work papers, drafts, and also including but not limited to, originals and all copies which are different in any way from the originals, whether by interlineations, receipt stamp, notation or indication of copies sent or received, preliminary notes or drafts that are now or have ever been in the possession, custody or control of Defendant. Each non-identical copy of a document is a separate document. If you are uncertain whether an item falls within or outside this definition, it falls within. If the document or documents you produce are only a part of the information requested, please provide the remaining information in writing in answer to the request to which you are responding.  When a document to be produced is an e-mail, please produce all copies of the e-mail; any documents or records attached to the e-mail; any e-mails, notes, memoranda or other documents to which the e-mail was sent in response; any e-mails, notes, memoranda or documents sent subsequently to the e-mail which are in response to the e-mail, or which relate to the e-mail in any way; and any e-mails or documents forwarding the e-mail.

6.     If any document identified is no longer in your possession or control, or is no longer in existence, please state (a) all such document(s) or, where not possibly, each category of documents; (b) who last had possession, custody or control of the document(s); (c) what disposition was made of the document(s), including when, how, why and by whom; (d) each person that authorized such disposition, including when, how, and why; and (e) each person with knowledge of the reasons for an/or circumstances of the disposition.

7.      "Policy" or "Policies" refers to policies, procedures, regulations, guidelines, manuals, directives, rules and regulations. The terms are not limited to written policies but also include non-written practices.

8.      Documents in the "possession, custody, or control" of Defendant means all documents held, stored, or maintained by Defendant and all documents to which Defendant has the legal or practical ability to obtain access and which are stored, held, or maintained by any other person.

9.       "January 27 Order" refers to President Donald J. Trump's executive order entitled, "Protecting the Nation from Terrorist Entry into the United States."

10.     "Relevant agencies" includes but is not limited to the Department of Justice, Department of State, the Department of Homeland Security and all subcomponents of those agencies that received or provided information on the executive order at issue in this case.

11.     "Subsequent court orders" means court orders on the January 27 executive order, including but not limited to the decisions in *Darweesh v. Trump*, No. 17 Civ 480 (E.D.N.Y. Jan. 28, 2017), *Washington v. Trump*, No. ___ F.3d ____, 2017 WL 526497 (9th Cir. Feb. 9, 2017) and *Aziz v. Trump*, ___ F. Supp. 3d ____, 2017 WL 580855 (E.D. Va. Feb. 13, 2017).

12.     The "replacement executive order" means the executive order that will take the place of and/or supplement the January 27 Order.

13.     If any information is withheld, in whole or in part, for any reason, including any claim of privilege, whether work-product or attorney-client, confidentiality or trade secret, set forth separately, in response to these document requests, with respect to each such document:

    a.    The nature of the privilege or ground of confidentiality claimed;
    b.    The type of information;
    c.    Who created such document;
    d.    When the document was created;
    e.    Each person who received or reviewed or had possession, custody or control of the document;
    f.    The general subject matter of the document; and
    g.    Each and every fact or basis on which such privilege is claimed or under which the document is withheld.

## REQUESTS FOR PRODUCTION

**Request for Production No.1**

All memoranda, policies, projections, reports, data, summaries, or similar documents relating to the development of the January 27 Order.

**Request for Production No. 2**

All instructions, guidance, memoranda, policies, projections, reports, data, summaries, or similar documents developed by or issued to relevant agencies regarding the implementation and interpretation of the January 27 Order and subsequent court orders.

**Request for Production No. 3**

All instructions, guidance, memoranda, policies, projections, reports, data, summaries, or similar documents relating to the development of any replacement for the January 27 Order.

**Request for Production No.4**

All instructions, guidance, memoranda, policies, projections, reports, data, summaries, or similar documents issued to relevant agencies regarding the implementation and interpretation of the replacement executive order.

# EXHIBIT 2

J.R.00008

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

STATE OF WASHINGTON, et al.,

    Plaintiff(s),

v.

DONALD J. TRUMP, et al.,

    Defendant(s).

Case No. 2:17–cv–00141–JLR

ORDER REGARDING INITIAL DISCLOSURES, JOINT STATUS REPORT, AND EARLY SETTLEMENT

## I. INITIAL SCHEDULING DATES

The Court sets the following dates for initial disclosure and submission of the Joint Status Report and Discovery Plan:

| | |
|---|---|
| Deadline for FRCP 26(f) Conference: | 3/1/2017 |
| Initial Disclosures Pursuant to FRCP 26(a)(1): | 3/15/2017 |
| Combined Joint Status Report and Discovery Plan as Required by FRCP 26(f) and Local Civil Rule 26(f): | 3/22/2017 |

The deadlines above may be extended only by the Court. Any request for an extension should be made by telephone to Ashleigh Drecktrah, Courtroom Deputy, at (206) 370–8520. If Defendants have appeared, the parties are directed to meet and to

ORDER REGARDING INITIAL DISCLOSURES, JOINT STATUS REPORT, AND EARLY SETTLEMENT – 1

J.R.00009

confer before contacting the Court to request an extension.

If this case involves claims which are exempt from the requirements of FRCP 26(a) and 26(f), please notify Ashleigh Drecktrah, Courtroom Deputy, by telephone at (206) 370–8520.

## II. JOINT STATUS REPORT & DISCOVERY PLAN

All counsel and any pro se parties are directed to confer and provide the Court with a combined Joint Status Report and Discovery Plan (the "Report") by March 22, 2017. This conference shall be by direct and personal communication, whether that be a face–to–face meeting or a telephonic conference. The Report will be used in setting a schedule for the prompt completion of the case. It must contain the following information by corresponding paragraph numbers:

1. A statement of the nature and complexity of the case.

2. A proposed deadline for the joining of additional parties.

3. The parties have the right to consent to assignment of this case to a full time United States Magistrate Judge, pursuant to 28 U.S.C. §636(c) and Local Rule MJR 13 to conduct all proceedings. The Western District of Washington assigns a wide range of cases to Magistrate Judges. The Magistrate Judges of this district thus have significant experience in all types of civil matters filed in our court. Additional information about our district's Magistrate Judges can be found at www.wawd.uscourts.gov. The parties should indicate whether they agree that the Honorable Mary Alice Theiler may conduct all proceedings including trial and the entry of judgment. When responding to this question, the parties should only respond "yes" or "no". Individual party responses should not be provided. A "yes" response should be indicated only

ORDER REGARDING INITIAL DISCLOSURES, JOINT STATUS REPORT,
AND EARLY SETTLEMENT – 2

if parties consent. Otherwise, a "no" response should be provided.

    4.    A discovery plan that states, by corresponding paragraph letters (A, B, etc.), the parties' views and proposals on all items in Fed. R. Civ. P. 26(f)(3), which includes the following topics:

    (A) initial disclosures;

    (B) subjects, timing, and potential phasing of discovery;

    (C) electronically stored information;

    (D) privilege issues;

    (E) proposed limitations on discovery; and

    (F) the need for any discovery related orders.

    5.    The parties' views, proposals, and agreements, by corresponding paragraph letters (A, B, etc.), on all items set forth in Local Civil Rule 26(f)(1), which includes the following topics:

    (A) prompt case resolution;

    (B) alternative dispute resolution;

    (C) related cases;

    (D) discovery management;

    (E) anticipated discovery sought;

    (F) phasing motions;

    (G) preservation of discoverable information;

    (H) privilege issues;

    (I) Model Protocol for Discovery of ESI; and;

    (J) alternatives to Model Protocol.

6. The date by which discovery can be completed.

7. Whether the case should be bifurcated by trying the liability issues before the damages issues, or bifurcated in any other way.

8. Whether the pretrial statements and pretrial order called for by Local Civil Rules 16(e), (h), (i), and k, and 16.1 should be dispensed with in whole or in part for the sake of economy.

9. Whether the parties intend to utilize the Individualized Trial Program set forth in Local Civil Rule 39.2 or any ADR options set forth in Local Civil Rule 39.1.

10. Any other suggestions for shortening or simplifying the case.

11. The date the case will be ready for trial. The Court expects that most civil cases will be ready for trial within a year after filing the Joint Status Report and Discovery Plan.

12. Whether the trial will be jury or non–jury.

13. The number of trial days required.

14. The names, addresses, and telephone numbers of all trial counsel.

15. The dates on which the trial counsel may have complications to be considered in setting a trial date.

16. If, on the due date of the Report, all defendant(s) or respondents(s) have not been served, counsel for the plaintiff shall advise the Court when service will be effected, why it was not made earlier, and shall provide a proposed schedule for the required FRCP 26(f) conference and FRCP 26(a) initial disclosures.

17. Whether any party wishes a scheduling conference before the Court enters

ORDER REGARDING INITIAL DISCLOSURES, JOINT STATUS REPORT,
AND EARLY SETTLEMENT – 4

J.R.00012

a scheduling order in the case.

18. List the date(s) that each and every nongovernmental corporate party filed its disclosure statement pursuant to Fed. R. Civ. P. 7.1 and Local Rule 7.1.

If the parties are unable to agree to any part of the Report, they may answer in separate paragraphs. No separate reports are to be filed. If the parties wish to have a status conference with the Court at any time during the pendency of this action, they should notify Ashleigh Drecktrah by telephone at (206) 370–8520.

### III. PLAINTIFF'S RESPONSIBILITY

This Order is issued at the outset of the case, and a copy is sent by the clerk to counsel for plaintiff (or plaintiff, if pro se) and any defendants who have appeared. Plaintiff's counsel (or plaintiff, if pro se) is directed to serve copies of this Order on all parties who appear after this Order is filed. Such service shall be accomplished within ten (10) days after each appearance. Plaintiff's counsel (or plaintiff, if pro se) will be responsible for starting the communications needed to comply with this Order.

### IV. JUDGE SPECIFIC PROCEDURAL INFORMATION

All counsel and unrepresented parties should review Judge Robart's web page for procedural information applicable to cases before Judge Robart. The judges' web pages, in addition to the Local Rules, Electronic Filing Procedures for Civil and Criminal Cases, court forms, instruction sheets, and General Orders, can be found on the Court's website at www.wawd.uscourts.gov.

ORDER REGARDING INITIAL DISCLOSURES, JOINT STATUS REPORT,
AND EARLY SETTLEMENT – 5

J.R.00013

## V. EARLY SETTLEMENT CONSIDERATION AND NOTIFICATION

If settlement is achieved, counsel shall immediately notify Ashleigh Drecktrah, Courtroom Deputy, at (206) 370–8520.

The parties are responsible for complying with the terms of this Order. The Court may impose sanctions on any party who fails to comply fully with this Order.

DATED:  The 15th of February 2017.

                         s/ *James L. Robart*
                         James L. Robart
                         United States District Judge