**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**SOUTHERN DIVISION**

| | |
|---|---|
| INTERNATIONAL REFUGEE ASSISTANCE PROJECT, et al., | Civil Action No.: 8:17-CV-00361-TDC |
| Plaintiffs, | **PLAINTIFFS' RENEWED MOTION FOR EXPEDITED DISCOVERY** |
| v. | |
| DONALD TRUMP, et al, | |
| Defendants. | |

## I. Introduction

On February 22, 2017, Plaintiffs filed a motion to conduct limited expedited discovery, *see* ECF No. 63, along with a preliminary injunction motion challenging the January 27 Executive Order's change to the annual level of refugee admissions.  Plaintiffs' discovery motion anticipated that the government would soon issue a new executive order and that Plaintiffs would challenge the replacement.  Because, as expected, the replacement order shares the same core constitutional problems as its predecessor, Plaintiffs are filing, concurrently with this Renewed Motion for Expedited Discovery, a motion for a temporary restraining order and/or preliminary injunction ("Preliminary Injunction Motion") seeking to enjoin the March 6 Order.

Plaintiffs' Preliminary Injunction Motion further demonstrates that good cause exists for the Court to order Defendants to respond to Plaintiffs' limited discovery requests on an expedited basis so that the Court may have the benefit of additional evidence bearing on the central question of the March 6 Order's discriminatory intent.

## II . Plaintiffs' Preliminary Injunction Motion Confirms There Is Good Cause for Limited Expedited Discovery.

The Court "has wide latitude in controlling discovery," such that "its rulings will not be overturned absent a showing of clear abuse of discretion." *Ardrey v. United Parcel Service*, 798 F.2d 679, 682 (4th Cir. 1986); *see also* ECF No. 63, Pls.' Mot. for Expedited Disc. at 4. Specifically, Federal Rules of Civil Procedure 26(d), 30(a), 33(b), 34(b), and 36 give the Court authority to advance the timing of discovery under Rule 26 and expedite the response to the requested discovery.  *See* ECF No. 63, Pls.' Mot. for Expedited Disc. at 4.  Where, as here, a plaintiff seeks expedited discovery related to a preliminary injunction, courts in this Circuit exercise their broad discretion by applying a flexible "reasonableness or good cause" standard,

which "tak[es] into account the totality of the circumstances." *Dimension Data N. Am., Inc. v. NetStar-1, Inc.*, 226 F.R.D. 528, 531 (E.D.N.C. 2005).[1]  Plaintiffs have shown good cause for the Court to order Defendants to respond on an expedited basis to Plaintiffs' limited discovery requests, which are narrowly tailored to the core question of the revised March 6 Order's discriminatory purpose.  Plaintiffs should have the opportunity to present not only evidence in the public record, but also documents in the government's possession that bear on this central merits issue, in support of Plaintiffs' request for injunctive relief.

**III. The Requested Discovery Will Provide Further Evidence of the Order's Discriminatory Purpose and Effect and Is Narrowly Tailored to That Purpose.**

Plaintiffs' Preliminary Injunction Motion, incorporated by reference herein, amply demonstrates the need for the requested discovery prior to the Court's ruling on Plaintiffs' requested injunctive relief.[2]  In order to obtain an injunction, Plaintiffs must show likelihood of success on the merits of their claims.  *See Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 20 (2008).  The limited set of documents Plaintiffs request, which target the background, design, and implementation of the two executive orders, are directly relevant to this question.

---

[1]     The Court should reject Defendants' suggestion to use a "formulation of the preliminary injunction test" to determine the appropriateness of Plaintiffs' request.  *See* ECF No. 81, Defs.' Opp'n at 4; 11.  Courts have widely rejected this test as inapplicable to these circumstances – i.e., where a plaintiff seeks to expedite discovery to support a preliminary injunction.  *See Sunflower Elec. Power Corp. v. Sebelius*, No. 08-2575-EFM-DWB, 2009 WL 774340, at *2 (D. Kan. Mar. 20, 2009) (collecting cases) ("More recent cases have rejected the [preliminary injunction formulation] in favor of a reasonableness test, particularly in cases were the expedited discovery is related to a motion for a preliminary injunction.").  As courts have explained, where a "plaintiff seeks expedited discovery in order to prepare for a preliminary injunction hearing, it does not make sense to use preliminary injunction analysis factors to determine the propriety of an expedited discovery request." *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. O'Connor*, 194 F.R.D., 624 (N.D. Ill. 2000).  In any event, Plaintiffs' preliminary injunction motion demonstrates that Plaintiffs can also meet this more stringent burden.

[2]     Plaintiffs recognize that, given the March 6 Order's short fuse, they and the Court will not have results of the requested discovery before the Order's stated implementation date. However, the discovery would aid the Court in any subsequent ruling on a preliminary injunction or other relief.

Plaintiffs' core claim is that, like the January 27 Order, the March 6 Order discriminates on the basis of religion and nationality, violating the Constitution and the INA.  As explained more fully in Plaintiffs' Preliminary Injunction Motion, determining whether invidious discriminatory purpose was a motivating factor requires assessment of circumstantial and direct evidence of the government's intent.  Courts look to a number of sources of evidence, including, among others, the nature and degree of disparate impact; the historical background and specific series of events leading to enactment; the legislative or administrative history, contemporaneous statements made by the decisionmakers; previous versions of the policy; and any departures from normal processes or substantive considerations.  *See Hunter v. Underwood*, 471 U.S. 222, 227-28 (1985); *Vill. of Arlington Heights v. Metro. Hous. Dev. Corp.*, 429 U.S. 252, 266-68 (1977). The Supreme Court has explained that the "development of the . . . [challenged policy] should be considered when determining its purpose." *McCreary Cty. v. ACLU of Ky.*, 545 U.S. 844, 846 (2005); *see also Wallace v. Jaffree*, 472 U.S. 38, 56-60 (1985).  Plaintiffs' four limited discovery requests are narrowly tailored to seek precisely the documents in the government's possession that will illuminate the well-established factors used to prove discriminatory purpose.  *See* ECF No. 63-1 (requesting documents related to the development and implementation of the two executive orders, including data and implementation instructions).

Defendants erroneously suggest that documents related to the now-replaced January 27 Order are irrelevant to the question of the March 6 Order's legality because the new order differs in some respects.  This argument simply ignores the progression of the two policies and public statements about the connection between them.  *See generally* Pls.' Prelim. Inj. Mot.  Indeed, as Plaintiffs' motion demonstrates, the revised order is merely an attempt to re-package the January 27 Order to achieve the same discriminatory purpose.  *Id.*  Accordingly, evidence related to the

design and implementation of the original order provide important context for the March 6 Order Plaintiffs seek to enjoin.

Defendants suggest that, because Plaintiffs have pointed to compelling publicly-available evidence to support their claim that the March 6 Order has a discriminatory purpose and effect, Plaintiffs should not be able to seek further evidence to support a preliminary injunction through discovery.  *See* Defs.' Opp'n at 8.  Defendants provide no support for that assertion, and the fact that there is already substantial evidence of the Order's illegality in the public record actually demonstrates that Plaintiffs' discovery request is well-founded.   Likewise, Defendants' contention that Plaintiffs would have no need for additional discovery because the government has made public "numerous documents" related to agency implementation must be rejected.  *Id.* at 9.  Plaintiffs should not be limited to proving their entitlement to an injunction based solely on the selected documents the government has chosen to release.

In addition to the direct relevance of the requested evidence to Plaintiffs' preliminary injunction showing, the fact that, like the January 27 Order, the March 6 Order contains certain features that are time-limited, also supports the reasonableness of expedited discovery. Specifically, the March 6 Order enacts the same basic 90- and 120-day travel bans.  *See* Sections 2(c), 6.  As before, if relief is to be effective, it must be obtained as quickly; accordingly, there is good cause to order expedited discovery to facilitate a prompt and well-informed preliminary injunction ruling.  *See* Pls.' Mot. for Expedited Disc. at 6-7.

## IV. Defendants' Privilege Objections to Plaintiffs' Discovery Requests Are Overstated and Misplaced.

Defendants' devote much of their opposition to discussing the objections they anticipate raising in response to Plaintiffs' discovery requests.   *See* Defs.' Opp'n at 12-14.   These

objections are not only irrelevant to whether discovery should be expedited, but Defendants overstate the protection they provide.

First, any anticipated privilege objections to Plaintiffs' requests do not bear on the question presented here – that is, whether there is good cause to *expedite* discovery so that resulting evidence may considered at the preliminary injunction hearing.   Rather, these objections are properly raised in *responding to* Plaintiffs' discovery requests.   At that point, the parties can meet and confer about any disputes regarding the appropriate scope of Defendants' document production.   Defendants would be required to timely produce any documents not subject to its privilege objections and provide Plaintiffs with a sufficiently detailed privilege index for any documents that are withheld.   *See Ethyl Corp. v. U.S. E.P.A.*, 25 F.3d 1241, 1248 (4th Cir. 1994) (evaluating agency's claims of deliberative process privilege based on privilege index in response to request for order compelling production of withheld documents); *Heyer v. U.S. Bureau of Prisons*, No. 5:11-CT-03118-D, 2014 WL 4545946, at *2 (E.D.N.C. Sept. 12, 2014) (defendant produced log describing documents withheld on the basis of deliberative process privilege on which court evaluated plaintiffs' motion to compel).   If the parties are unable to reach an agreement about certain categories of documents, the parties can make any appropriate motions to the Court for resolution.   There is no reason to diverge from this typical discovery dispute resolution process here, and nothing undermines Plaintiffs' showing of good cause that it should occur on an accelerated basis to accommodate the Order's imminent implementation and Plaintiffs' request to enjoin it.

Second, Defendants have overstated the protection of the privileges they assert.   In addition to protecting only a limited set of "decisional" and "predecisional" documents, the deliberative process privilege is a qualified privilege that may be overcome on a showing of a

sufficient need for the information that outweighs any harm from its production.  *See Scott v. PPG Indus., Inc.*, 142 F.R.D. 291, 294 (N.D.W. Va. 1992).  In addition, Defendants bear the burden of proving that the privilege applies.  *See Tafas v. Dudas*, 530 F. Supp. 2d 786, 801 (E.D. Va. 2008).  Finally, even assuming that the privilege would apply to certain documents covered by Plaintiffs' requests, there are categories of potentially responsive documents relevant here that are plainly not subject to even the qualified privilege.  For example, the privilege does not protect any documents that are "peripheral to actual policy formation" or that contain "purely factual material."  *Ethyl Corp.*, 25 F.3d at 1248; *City of Virginia Beach,* 995 F.2d at 1253 (4th Cir. 1993).

Similarly, a broad range of responsive information is likely to exist that does not implicate the Executive Privilege.  Moreover, none of the cases cited by Defendants on this point, *see* Defs.' Opp'n at 13-14, involved a request for expedited discovery and, as recognized in *United States v. McGraw-Hill Companies, Inc*., No. CV 13-0779-DOC JCGX, 2014 WL 8662657, at *8 (C.D. Cal. Sept. 25, 2014), the result in *Cheney v. U.S. Dist. Court for D.C.*, 542 U.S. 367 (2004), was based in part on the Court's finding that the subpoenas at issue were unnecessarily broad.  *See Cheney*, 542 U.S. at 386 (describing the "overly broad discovery requests" approved by the district court, which included a request for any documents even identifying or referencing certain individuals).

## V.     Conclusion

Plaintiffs respectfully request that the Court order Defendants to respond to Plaintiffs' discovery requests, *see* ECF No. 63-1, including producing responsive documents, within seven days of the Court's order.

Dated: March 10, 2017

Respectfully submitted,

/s/ Omar Jadwat
Omar C. Jadwat
Lee Gelernt
Hina Shamsi
Hugh Handeyside
Sarah L. Mehta
American Civil Liberties Union
Foundation
125 Broad Street, 18th Floor
New York, NY 10004
Tel: (212) 549-2600
Fax: (212) 549-2654
ojadwat@aclu.org
lgelernt@aclu.org
hshamsi@aclu.org
hhandeyside@aclu.org
smehta@aclu.org

Justin B. Cox (Bar No. 17550)
National Immigration Law Center
1989 College Ave. NE
Atlanta, GA 30317
Tel: (678) 404-9119
Fax: (213) 639-3911
cox@nilc.org
Karen C. Tumlin
Nicholas Espíritu
Melissa S. Keaney
Esther Sung
National Immigration Law Center
3435 Wilshire Boulevard, Suite 1600
Los Angeles, CA 90010
Tel: (213) 639-3900
Fax: (213) 639-3911
tumlin@nilc.org
espiritu@nilc.org
keaney@nilc.org
sun@nilc.org

Cecillia D. Wang
Cody H. Wofsy
American Civil Liberties Union
Foundation
39 Drumm Street
San Francisco, CA 94111
Tel: (415) 343-0770
Fax: (415) 395-0950
cwang@aclu.org
cwofsy@aclu.org

David Cole
Daniel Mach
Heather L. Weaver
American Civil Liberties Union
Foundation
915 15th Street NW
Washington, DC 20005
Tel: (202) 675-2330
Fax: (202) 457-0805
dcole@aclu.org
dmach@aclu.org

hweaver@aclu.org

*/s/* David Rocah
David Rocah (Bar No. 27315)
Deborah A. Jeon (Bar No. 06905)
Sonia Kumar (Bar No. 07196)
Nicholas Taichi Steiner (Bar
No.19670)
American Civil Liberties Union
 Foundation of Maryland
3600 Clipper Mill Road, Suite 350
Baltimore, MD  21211
Tel: (410) 889-8555
Fax: (410) 366-7838
jeon@aclu-md.org
rocah@aclu-md.org
kumar@aclu-md.org
steiner@aclu-md.org


*Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 10, 2017, I electronically filed this Motion for Plaintiffs with the Court Clerk using the ECF system, which will send notification to Defendants' registered counsel.

Dated: March 10, 2017                                  /s/ Omar Jadwat
                                                       Omar Jadwat