UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

INTERNATIONAL REFUGEE
ASSISTANCE PROJECT, *a project of the Urban Justice Center, Inc., on behalf of itself and its clients*,
HIAS, INC., *on behalf of itself and its clients*,
MIDDLE EAST STUDIES ASSOCIATION *of North America, Inc., on behalf of itself and its members*,
MUHAMMED METEAB,
PAUL HARRISON,
IBRAHIM AHMED MOHOMED,
JOHN DOES Nos. 1 & 3, and
JANE DOE No. 2,

    Plaintiffs,

    v.

DONALD J. TRUMP, *in his official capacity as President of the United States*,
DEPARTMENT OF HOMELAND SECURITY,
DEPARTMENT OF STATE,
OFFICE OF THE DIRECTOR OF NATIONAL INTELLIGENCE,
JOHN F. KELLY, *in his official capacity as Secretary of Homeland Security*,
REX W. TILLERSON, *in his official capacity as Secretary of State*, and
MICHAEL DEMPSEY, *in his official capacity as Acting Director of National Intelligence*,

    Defendants.

Civil Action No. TDC-17-0361

**MEMORANDUM ORDER**

On March 10, 2017, Plaintiffs amended their Complaint to seek the invalidation of Executive Order 13,780, "Protecting the Nation from Foreign Terrorist Entry into the United

States" ("Executive Order"), 82 Fed. Reg. 13209 (Mar. 9, 2017). Plaintiffs added certain individual plaintiffs, include Jane Doe No. 2. Pending before the Court is Jane Doe No. 2's Motion for Leave to Proceed Under Pseudonym. Defendants do not currently oppose the Motion. For the reasons set forth below, the Motion is granted.

The Federal Rules of Civil Procedure provide that the "title of the complaint must name all the parties." Fed. R. Civ. P. 10(a); *see also* D. Md. Local R. 102.2(a) (requiring that complaints "contain the names and addresses of all parties and the county of residence of any Maryland party"). This requirement serves the public's important interest in open judicial proceedings. *Doe v. Pub. Citizen*, 749 F.3d 246, 273 (4th Cir. 2014). However, "in exceptional circumstances, compelling concerns relating to personal privacy or confidentiality may warrant some degree of anonymity in judicial proceedings, including use of a pseudonym." *Id.* In deciding whether to allow a party to proceed under a pseudonym, the court must balance "the party's stated interest in anonymity against the public's interest in openness and any prejudice that anonymity would pose to the opposing party." *Id.* at 274. The United States Court of Appeals for the Fourth Circuit has identified a non-exhaustive list of factors that the court should consider:

> (1) whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of sensitive and highly personal nature;
> (2) whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent non-parties;
> (3) the ages of the persons whose privacy interests are sought to be protected;
> (4) whether the action is against a governmental or private party; and
> (5) the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

*James v. Jacobsen*, 6 F.3d 233, 238 (4th Cir. 1993).

Most of these factors weigh in favor of Jane Doe No. 2's position. First, she has plausibly demonstrated that filing without a pseudonym creates a risk of retaliatory harm to her sister. Jane Doe No. 2's sister and her family are Syrian refugees who are currently living in a refugee hotel on the border of Saudi Arabia and Yemen. Jane Doe No. 2 Decl. ¶¶ 7-8, ECF No. 90-1. Jane Doe No. 2 believes that the disclosure of her participation in the case would make her sister more easily identifiable and subject her to "harassment or further persecution" by the government of Saudi Arabia, where "persecution of Syrian refugees" is rampant. *Id.* at ¶ 12. For the reasons stated in this Court's March 1, 2017 Memorandum Opinion granting a Motion for Leave to File Under Pseudonyms by other individual plaintiffs in this case, this potential of physical harm against her sister, who is an innocent non-party, weighs strongly in favor of Jane Doe No. 2's request to proceed anonymously. Mem. Op. 4, ECF No. 66.

Second, these facts also establish that her request is made to preserve privacy in her sister's immigration status, "a matter of sensitive and highly personal nature." *James*, 6 F.3d at 238; *see, e.g., Hispanic Interest Coal. of Ala. v. Governor of Alabama*, 691 F.3d 1236, 1247 & n.8 (11th Cir. 2012) (identifying cases in which courts protected the disclosure of information about the plaintiffs' immigration status). As with the other individual plaintiffs proceeding under pseudonym in this action, Jane Doe No. 2's desire to avoid disclosure of such information thus goes beyond protecting her from the "annoyance and criticism that may attend any litigation." *James*, 6 F.3d at 238; *see* Mem. Op. 5-6.

Third, for the reasons explained in the Court's March 1, 2017 Memorandum Opinion, *see id.* at 5-6, permitting Jane Doe No. 2 to proceed anonymously is more likely to be justified here, because the action has been brought against the federal government.

Fourth, where Defendants do not oppose the Motion, there is no claim of prejudice or reputational harm, and the questions presented are "purely legal," *Doe v. Pittsylvania Cty.*, 844 F. Supp. 2d 724, 731 (W.D. Va. 2012) (quoting *Doe 1 v. Merten*, 219 F.R.D. 387, 390 (E.D. Va. 2004)), the risk of unfairness to the opposing party from allowing Jane Doe No. 2 to use a pseudonym is minimal. *See* Mem. Op. 7.

The only factor weighing against Jane Doe No. 2's request is the age of the individuals whose privacy interests are at issue, because her sister is an adult. On balance, particularly because of the potential safety risk to Jane Doe No. 2's sister in Saudi Arabia, the Court finds that the factors that support permitting Jane Doe No. 2 to proceed anonymously substantially outweigh the presumption of public access. Having reached this conclusion based on the facts discussed above, the Court need not address Jane Doe No. 2's additional claims of potential retaliation and whether they support the requested relief.

Accordingly, it is hereby ordered that Jane Doe No. 2's Motion, ECF No. 90, is GRANTED.

Date: March 17, 2017

THEODORE D. CHUANG
United States District Judge