**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**SOUTHERN DIVISION**

———————————————————— )
INTERNATIONAL REFUGEE )
ASSISTANCE PROJECT, *et al*., )
  )
    Plaintiffs, )
  )
    v. )        No. 8:17-cv-00361-TDC
  )
DONALD TRUMP, in his official capacity )
as President of the United States, *et al*., )
  )
    Defendants. )
———————————————————— )

**DEFENDANTS' MEMORANDUM IN OPPOSITION TO**
**PLAINTIFFS' MOTION FOR LEAVE TO FILE MOTION FOR**
**PRELIMINARY INJUNCTION OF § 6 ON CONSTITUTIONAL GROUNDS**

For the third time since commencing this suit, Plaintiffs seek to file a motion for a preliminary injunction targeted at the refugee provisions of the Executive Order.[1] Plaintiffs make this request even though this Court has already issued an Order denying such an injunction—on the same theory Plaintiffs hope to raise here again, no less—and even though that Order is already on appeal before the Fourth Circuit. The Court should deny a third bite at the apple.

As an initial matter, the Court lacks jurisdiction to resolve Plaintiffs' proposed motion because the motion would seek to alter the scope of an injunctive order that is properly before the Court of Appeals. Although the *issue* Plaintiffs seek to raise again here—whether Section 6 of the Executive Order should be preliminarily enjoined—is not being raised in the Fourth Circuit appeal,

---

[1]    Except where otherwise noted, "Executive Order" refers to Executive Order No. 13,780 (Mar. 6, 2017). Section 6 of the Executive Order suspends travel and adjudications under the U.S. Refugee Admissions Program for 120 days, subject to case-by-case waivers, and limits the entry of more than 50,000 refugees in fiscal year 2017. In this memorandum, "first Executive Order" refers to Executive Order No. 13,769 (Jan. 27, 2017), which has been revoked.

the underlying *Order* of this Court declining to enjoin Section 6 is still before the Fourth Circuit and therefore subject to that court's jurisdiction.

Even if this Court were not divested of jurisdiction to resolve Plaintiffs' proposed motion, Plaintiffs should be denied leave for a do-over at seeking preliminary relief that they failed to justify in an earlier round of preliminary injunction proceedings.  That is particularly true given that Plaintiffs will press a legal theory they already raised, and would rely on arguments and evidence they previously could have raised.

In any event, wading back into the preliminary injunction waters is inadvisable at this time. The Fourth Circuit appeal is proceeding on an expedited schedule and will likely resolve many, and possibly all, of the issues that would be dispositive of Plaintiffs' proposed motion.  In the meantime, the relevant provisions of the Executive Order are currently enjoined nationwide, so there is no exigency that warrants the Court or the parties expending further effort here while awaiting the Fourth Circuit's guidance.

**ARGUMENT**

## I.      The Court Lacks Jurisdiction over Plaintiffs' Proposed Motion.

District courts generally do not have jurisdiction to revisit the scope of injunctive relief once an order granting (or denying) that relief has been appealed.  *See Lewis v. Tobacco Workers' Int'l Union*, 577 F.2d 1135, 1139 (4th Cir. 1978) (holding that "the district court lost its power to vacate [its injunction] when the notices of appeal were filed"); *see also Coastal Corp. v. Texas E. Corp.*, 869 F.2d 817, 820 (5th Cir. 1989) ("[A] district court cannot generally accept new evidence or arguments on the injunction while the validity of the injunction is on appeal.").  If the rule were otherwise, it would run afoul of the principle that "two courts should not have simultaneous jurisdiction over a single order."  16 Charles Alan Wright & Arthur R. Miller, Federal Practice and

Procedure § 3921.2 (3d ed.).[2]  Of course, when the order at issue is for a *preliminary* injunction, a district court has authority to "proceed with the action on the merits" while the preliminary injunction is on appeal.  James Wm. Moore, *et al.*, Moore's Federal Practice § 303.32(2)(b)(v) (3d ed. 2016).  In such cases, however, the district court is not at risk of acting on the same order that is before the court of appeals.  To the contrary, if the district court ultimately enters a permanent injunction, then the appeal of the preliminary injunction "becomes moot."  *Grupo Mexicano de Desarrollo S.A. v. Alliance Bond Fund, Inc.*, 527 U.S. 308, 314 (1999).

Here, Plaintiffs are attempting to rely on this Court's power to proceed with the case—a power that Defendants do not dispute—in an inapposite context.  Plaintiffs are not seeking leave to proceed with this case *on the merits*, but rather to file yet another motion for preliminary relief.  And that motion would effectively request that this Court modify its prior Order—by reversing its holding that Section 6 of the Executive Order should not be enjoined.  *See* ECF No. 149 ("Mem. Op.") at 40-41 (stating that Plaintiffs sought "an injunction blocking the Executive Order in its entirety" but that the Court would enjoin Section 2(c) only and "declines to enjoin the Second Order in its entirety"); *see also* ECF No. 150 ¶ 7 (ordering that Plaintiffs' request for a preliminary injunction is "DENIED as to all other provisions of Executive Order 13,780" aside from Section 2(c)).  Plaintiffs' third motion would thus seek exactly the kind of relief that Plaintiffs concede is inappropriate—a modification of "the precise order that is on appeal."  Pls.' Mot. at 5.

---

[2]      The Fourth Circuit allows a district court to retain jurisdiction when considering "matters in aid of the appeal," such as when "imprecise wording in the injunction" creates confusion.  *Lytle v. Griffith*, 240 F.3d 404, 407 n.2 (4th Cir. 2001); *see also id.* (explaining that the district court had corrected its mistaken use of "the Commonwealth [of Virginia]" as a "shorthand reference" for the Governor and the Commonwealth's Attorney for the City of Norfolk—the two defendants in the case).  This exception ensures that a district court can make "[a]dditional findings that merely 'set [the target] in place'" for appeal, while leaving intact the broader rule that "[a]dditional findings that 'move the target' are disfavored."  *FTC v. Enforma Nat. Prods., Inc.*, 362 F.3d 1204, 1215 n.11 (9th Cir. 2004) (alterations in original).

To be sure, Defendants have not raised the issue of the validity of Section 6 in their appeal, and Plaintiffs have not noticed a cross-appeal with respect to that issue.  But the Fourth Circuit's jurisdiction is over "[i]nterlocutory *orders*," not issues.  28 U.S.C. § 1292(a)(1) (emphasis added); *see also* 16 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3921.2 (3d ed.) ("The power to proceed toward decision of the merits must be distinguished from the power to act on the very *order* that has been appealed." (emphasis added)).  And "it is settled that an interlocutory appeal from the denial of preliminary injunctive relief divests the court . . . of jurisdiction with regards to questions raised and decided upon the interlocutory order appealed from."  *Dist. 2, Marine Eng'rs Beneficial Ass'n, AFL-CIO v. Falcon Carriers, Inc.*, 374 F. Supp. 1342, 1345 (S.D.N.Y. 1974).  Because the question of whether to enjoin Section 6 has already been "raised and decided," this Court lacks jurisdiction to resolve Plaintiffs' proposed motion. *Compare* ECF No. 95 at 14-15 (raising the argument that evidence pertaining to refugees supports Plaintiffs' Establishment Clause theory) *with* Mem. Op. at 40-41 (deciding to reject a preliminary injunction of the refugee provisions on Establishment Clause grounds).

Plaintiffs are wrong to suggest that permitting a renewed effort to enjoin Section 6 "would not interfere with the Fourth Circuit's consideration" of this Court's existing preliminary injunction decision.  Pls.' Mot. at 4.  That is because this Court has already determined the propriety of preliminary relief—*i.e.*, held that those Plaintiffs who have Establishment Clause claims are likely to suffer irreparable harm absent a preliminary injunction.  *See* Mem. Op. at 16-17, 38-39.  That holding is precisely what is at issue in the Fourth Circuit, *see* Appellants' Br. at 53-54, *Int'l Refugee Assistance Project v. Trump*, No. 17-1351 (4th Cir. Mar. 24, 2017), ECF No. 36, and would simultaneously be at issue in any further consideration by this Court of whether Plaintiffs are entitled to a preliminary injunction of Section 6 on Establishment Clause grounds.

These same circumstances led a district court in the Southern District of New York to conclude that "allowing [the plaintiff] to file [a] second motion for a preliminary injunction might well encroach upon the Second Circuit's review of [the plaintiff's] appeal." *Int'l Bus. Machines Corp. v. Johnson*, 2009 WL 2356430, at *3 (S.D.N.Y. July 30, 2009). In particular, that court explained that the plaintiff's "filing of a successive motion for preliminary injunction" could require the court "to reconsider certain aspects of its original ruling," including "the analysis of irreparable harm." *Id*. The Court should decline to create that risk here.

The fact that Plaintiffs' motion would require this Court to assess the propriety of preliminary injunctive relief—the very question before the Fourth Circuit—distinguishes this case from the three cases Plaintiffs cite for the proposition that a district court has jurisdiction even when "identical" issues are before the court of appeals. Pls.' Mot. at 5. In each of those cases, the supposedly identical issue was an ultimate determination on the *merits*, not a simultaneous assessment of the validity of a preliminary injunction order. *See Moltan Co. v. Eagle-Picher Indus., Inc.*, 55 F.3d 1171, 1174 (6th Cir. 1995) (addressing a district court's authority to "convert [a] preliminary injunction into a permanent one" while the preliminary injunction is on appeal); *Soc'y for Animal Rights, Inc. v. Schlesinger*, 512 F.2d 915, 918 (D.C. Cir. 1975) (discussing the possibility of a trial during the pendency of an interlocutory appeal); *Hunter v. Redmer*, 2015 WL 8479211, at *1-2 (D. Md. Dec. 10, 2015) (district court could consider the merits of "dispositive motions" while appeal of preliminary injunction decision was pending).

None of the cases that Plaintiffs cite speaks to the question that is actually at issue—*i.e.*, whether a district court can issue preliminary injunctive relief when an order addressing that same issue is already on appeal. Instead, Plaintiffs' cases reflect the previously discussed principle that a district court can proceed to the merits of a case when a preliminary injunction decision is on

appeal, as well as the related principle that the court can proceed to a request for permanent injunctive relief when the merits determination is on appeal.  *See, e.g.*, *Crutchfield v. U.S. Army Corps of Eng'rs*, 230 F. Supp. 2d 673, 680 (E.D. Va. 2002) (holding that the district court could consider a request for permanent injunctive relief after the court's decision on the merits was already on appeal).  The district court in *Crutchfield* in fact took pains to clarify that "[i]n determining whether to grant the requested injunction, this Court is not called upon to, and need not, alter [its prior] Opinion in any way."  *Id.*  Here, by contrast, Plaintiffs ask this Court to alter its prior determination as to the scope of its preliminary injunction Order.  So long as that Order is under appellate review, however, this Court lacks jurisdiction to resolve Plaintiffs' proposed motion.

## II.    Plaintiffs Should Not Be Permitted to File a Third Preliminary Injunction Motion.

Even assuming the Court would have jurisdiction to resolve another preliminary injunction motion aimed at the refugee provisions of the Executive Order, the Court should deny Plaintiffs' request for leave to file such a motion.

In both of their prior two motions for a preliminary injunction, Plaintiffs have argued for enjoining some, or all, of the Executive Order's provisions on refugees.  In their first motion, Plaintiffs sought only to enjoin Section 5(d) of the first Executive Order, the provision that limited the entry of more than 50,000 refugees in fiscal year 2017.  *See* ECF No. 64.  Despite their position now, at that time Plaintiffs did not even raise an Establishment Clause theory, instead relying only on statutory grounds.  *See id.* at 1-2.  That motion, which the parties have agreed applies to the second Executive Order as well, *see* ECF No. 82 at 2, is still pending.  After the second Executive Order was issued, Plaintiffs filed a second preliminary injunction motion, which sought to enjoin the Executive Order in its entirety, including the refugee provisions in Section 6.  *See* ECF No. 91 at 1.  In this second motion, Plaintiffs challenged the Executive Order on Establishment Clause

grounds, argued that certain Plaintiffs had standing to challenge the refugee provisions of the Executive Order, and claimed that the evidence relating to those provisions supported their Establishment Clause argument. *See* ECF No. 91 at 5-6, 14-15, 33-38. This Court, however, held that Plaintiffs failed to make the required showing to justify a preliminary injunction of the refugee provisions on Establishment Clause grounds. *See* Mem. Op. at 40-41.

Yet, in what would be Plaintiffs' third bite at the apple, they propose filing another preliminary injunction motion with respect to the Executive Order's refugee provisions in Section 6. ECF No. 168 at 1. Plaintiffs advise that such a motion would be based "principally on Establishment Clause grounds," *see id*., the very argument they initially did not raise, then did pursue, and that this Court considered in declining to enjoin Section 6, *see* Mem. Op. at 40-41.

Plaintiffs' only justification for asking this Court to retrace its footsteps is that "neither party raised the possibility that discriminatory motives could animate § 2(c) but not § 6." Pls.' Mot. at 1. This argument flips on its head the requirement that Plaintiffs make "a clear showing" that they are entitled to the "extraordinary remedy" of a preliminary injunction. *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). It was *Plaintiffs'* burden to demonstrate that they satisfied all four of the requirements for a preliminary injunction, *see Direx Israel, Ltd. v. Breakthrough Med. Corp.*, 952 F.2d 802, 812 (4th Cir. 1991), and a subsequent realization that their showing did not justify the full measure of their requested relief does not excuse this failure. Plaintiffs were unequivocal in asking this Court to enjoin the Executive Order "in its entirety." ECF No. 91 at 2. And Plaintiffs do not claim that they were somehow prevented from introducing evidence they now wish to adduce in support of enjoining Section 6; they simply omitted to do so. Plaintiffs' suggestion that they will rely on "some" statements made after this Court held argument (but not, apparently, after this Court issued its preliminary injunction decision), *see* ECF No. 168

at 1, does not alter the gravamen of their request: to introduce arguments and evidence that they already had a full and fair opportunity to present to the Court.

Faced with Plaintiffs' attempt to press "seriatim claims," "there comes a time when the court should pronounce that 'enough is enough.'" *Phair v. Montgomery Cnty. Pub. Sch.*, 2000 WL 968447, at *1 (D. Md. July 12, 2000). In light of the opportunities Plaintiffs have already had to make their best case for a preliminary injunction of Section 6, this Court should not permit Plaintiffs to "litigate this matter through piecemeal, seriatim motions requesting the same relief." *IBM*, 2009 WL 2356430, at *2; *see also id.* at *1 (explaining that IBM "requested leave, for the second time in this litigation, to file a second motion for a preliminary injunction" and that "IBM's proposed motion seeks essentially the same relief it sought (unsuccessfully) in its first motion for a preliminary injunction"). Instead, Plaintiffs "ought to be 'held to the requirement that they present their strongest case for [relief] when the matter is first raised.'" *Siemens Westinghouse Power Corp. v. Dick Corp.*, 219 F.R.D. 552, 554 (S.D.N.Y. 2004) (alteration in original) (quoting *Allstate Fin. Corp. v. Zimmerman*, 296 F.2d 797, 799 (5th Cir. 1961)). That is particularly true in light of the Fourth Circuit's recent admonition that "[p]iecemeal litigation is disfavored and permitted only in limited circumstances." *Bluewave Healthcare Consultants, Inc. v. United States*, __ F.3d __, 2017 WL 1097132, at *6 (4th Cir. Mar. 23, 2017).

Indeed, the need to avoid piecemeal litigation is particularly acute in the context of successive preliminary injunction motions because an aggrieved party has the right to an interlocutory appeal. *See* 28 U.S.C. § 1292(a)(1). Plaintiffs' approach here illustrates these concerns—the Fourth Circuit has already scheduled argument on this Court's prior Order and briefing is underway, so any appeal of a *new* order on Plaintiffs' third preliminary injunction motion would either be unable to be heard simultaneously with the existing appeal or would need

to be briefed and considered on an extremely short timetable.  Either option would be a disservice to the Court of Appeals.  *See Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 170 (1974) (noting "the debilitating effect on judicial administration caused by piecemeal appellate disposition of what is, in practical consequence, but a single controversy").

Moreover, Plaintiffs' jurisdictional argument further illustrates why the right to interlocutory appeal counsels against permitting successive preliminary injunction motions. Although Plaintiffs claim that this Court still has jurisdiction to enjoin Section 6, they acknowledge that "the Court lacks jurisdiction over th[e] injunction" of § 2(c) while the appeal before the Fourth Circuit is pending.  Pls.' Mot. at 1.  But if this Court only has jurisdiction to resolve another preliminary injunction motion aimed at Section 6, then this Court's prior Order is merely a one-way ratchet—the Court cannot narrow its injunction while the Order is on appeal, but Plaintiffs are free to take another shot at broadening the scope of the injunction (and presumably then free to appeal if they fail).  *See F.W. Kerr Chem. Co. v. Crandall Assoc., Inc.*, 815 F.2d 426, 429 (6th Cir. 1987) (per curiam) (criticizing plaintiff for filing "successive motions for extraordinary, preliminary injunctive relief, secure in the knowledge that they can take an interlocutory appeal when it becomes apparent that they cannot win their war of attrition" and explaining that "when a ruling is made on a motion for preliminary injunction, an aggrieved party must either file a timely interlocutory appeal or request reconsideration on the basis of changed or otherwise unforeseen and unforeseeable circumstances").  The Court should not permit Plaintiffs to proceed in this inequitable fashion.

## III.   The Court Should Hold Further Proceedings in Abeyance at This Time.

Plaintiffs' request for leave to file their proposed preliminary injunction motion should be denied for the further reason that moving forward on that motion makes no sense until after the Fourth Circuit has resolved the pending appeal.  In fact, any further action with respect to

preliminary relief—including the pending motion to enjoin the 50,000 refugee cap—can, and should, await the Fourth Circuit's decision.

This Court, like any district court, "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997).  A district court may exercise that discretion to promote "economy of time and effort for itself, for counsel, and for litigants." *DeRosa v. Walsh*, 541 F. App'x 250, 252 (4th Cir. 2013) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)).

The Fourth Circuit has long recognized, in particular, that a district court may properly exercise its discretion to issue a stay "pending the outcome of a similar suit." *Amdur v. Lizars*, 372 F.2d 103, 106 (4th Cir. 1967); *see also Preston v. United States*, 2015 WL 221633, at *9 (D. Md. Jan. 15, 2015) (holding motion to dismiss in abeyance "pending the final outcome" of a similar case pending before the Supreme Court, because "a decision at this time would be an inefficient use of the [district] Court's resources").

Here, of course, the relevant case on appeal is not just "similar"; it is identical, and the Fourth Circuit's resolution of the appeal will likely provide this Court with dispositive guidance on some or all of the issues necessary for resolving Plaintiffs' other motions.  The issues before the Fourth Circuit include threshold questions of standing and ripeness, the scope of the President's authority under the Immigration & Nationality Act, the likelihood that Plaintiffs will succeed on the merits of their Establishment Clause claim, the balance of the equities and the possibility of irreparable harm, and the proper scope of injunctive relief.  *See generally* Appellants' Br., *Int'l Refugee Assistance Project v. Trump*, No. 17-1351 (4th Cir. Mar. 24, 2017), ECF No. 36.  The Fourth Circuit's resolution of *any* of those issues—and it could conceivably resolve all of them— would bear directly on any further preliminary relief (and any arguments the parties would raise

as to such relief).  "As such, staying proceedings in this matter pending the Fourth Circuit's decision would both promote judicial economy and avoid the possibility of inconsistent rulings." *In re Mut. Funds Inv. Litig.*, 2011 WL 3819608, at *2 (D. Md. Aug. 25, 2011).

Other courts handling challenges to the Executive Order have similarly stayed the consideration of additional preliminary relief pending appellate guidance.  For instance, when the court in the District of Hawaii was considering the first Executive Order, it granted the Government's request for a stay pending the Ninth Circuit's resolution of an appeal from the Western District of Washington's injunction.  *See Hawaii v. Trump*, 2017 WL 536826, at *4 (D. Haw. Feb. 9, 2017).  As that court explained, staying the case "pending the outcome of appellate proceedings would facilitate the orderly course of justice."  *Id*.  Similarly, the court in the Western District of Washington *sua sponte* stayed consideration of plaintiffs' TRO motion challenging the *second* Executive Order after the court in the District of Hawaii had already issued a TRO as to that Executive Order.  *See Washington v. Trump*, 2017 WL 1050354, at *5 (W.D. Wash. Mar. 17, 2017).  The *Washington* court reasoned that "[b]ecause many of the legal arguments Plaintiffs raise[d] in their TRO motion [were] likely to be before the Ninth Circuit in *Hawaii* . . . it would waste judicial resources to decide these issues . . . when guidance from the Ninth Circuit is likely to be available soon."  *Id*.  The Court thus concluded that "[t]he more efficient course" was to "wait for a decision from the Ninth Circuit . . . , which may resolve the primary issues."  *Id*.  The Court could then "resolve any remaining issues in this case with the benefit of the Ninth Circuit's analysis."  *Id*.  The same logic applies here.

Finally, staying consideration of preliminary relief will not harm Plaintiffs.  In their motion for leave to file, Plaintiffs characterized "the only thing standing between Plaintiffs and imminent, irreparable harm" as "the temporary restraining order in *Hawaii v. Trump*."  Pls.' Mot. at 7-8; *see*

*also Hawaii v. Trump*, __ F. Supp. 3d __, 2017 WL 1011673, at *17 (D. Haw. Mar. 15, 2017)

(enjoining enforcement of Sections 2 and 6 of the Executive Order nationwide).  Since then, that

court has converted its temporary restraining order into a nationwide preliminary injunction of

Sections 2 and 6.  *See Hawaii v. Trump*, ___ F. Supp. 3d ___, 2017 WL 1167383, at *9 (D. Haw.

Mar. 29, 2017).[3]  And the Fourth Circuit is proceeding expeditiously with an appeal of the

preliminary injunction ruling in this case.  *See* No. 17-1351 (4th Cir. Mar. 23, 2017), ECF No. 25

(scheduling order providing less than a month for full briefing, and setting oral argument for May

8, 2017).  By comparison, in different litigation in this district, Judge Motz stayed proceedings to

await appellate guidance because the "length of the stay" is "not inordinate" where "we are now

less than one month from the date of . . . oral argument before the Fourth Circuit" and "the stay

can always be lifted if emergency relief is required."  *In re Mut. Funds Inv. Litig.*, 2011 WL

3819608, at *2.

     Indeed, Plaintiffs have already acknowledged that this Court need not proceed with a

challenge to provisions that have already been enjoined nationwide by another district court.  When

Plaintiffs brought their first motion for a preliminary injunction, the Western District of

Washington had issued a nationwide injunction of various portions of the Executive Order.  Thus,

Plaintiffs sought to enjoin *only* the provision limiting the entry of more than 50,000 refugees in

fiscal year 2017—one part of the first Executive Order that had not been enjoined in *Washington*.

*See* ECF No. 64 at 1-2.  Plaintiffs clarified that they were "not moving for preliminary relief with

---

[3]     The Government has filed a notice of appeal with respect to this preliminary injunction.  *See Hawaii v. Trump*, No. 17-cv-50 (D. Haw. Mar. 30, 2017), ECF No. 271; No. 17-15589 (9th Cir. Mar. 30, 2017).  In light of the preliminary injunction and pending appeal in *Hawaii*, counsel for the Government conferred with Plaintiffs' counsel to determine if Plaintiffs still seek to proceed with their proposed preliminary injunction motion and their pending preliminary injunction motion.  Plaintiffs' counsel indicated that they do.

regard to other provisions of the Order at this time in light of the other injunctions in effect." *Id.* at 1 n.1.  In other words, there was no need for this Court to consider a challenge of the already-enjoined provisions given the pendency of the *Washington* injunction.  Here, similarly, the recent injunction in *Hawaii* blocks enforcement of Section 6 of the Executive Order nationwide.  *Hawaii v. Trump*, 2017 WL 1167383, at *9.  Thus, as Plaintiffs themselves previously acknowledged, there is no need for this Court to proceed with an independent challenge to those provisions—via either their proposed preliminary injunction motion or their pending preliminary injunction motion.  Instead, it makes sense to wait for guidance from the Fourth Circuit's resolution of the pending appeal.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiffs' Motion for Leave to File Motion for Preliminary Injunction of § 6 on Constitutional Grounds, and hold in abeyance Plaintiffs' Motion for a Preliminary Injunction of § 5(d) of the Executive Order.


Dated:  March 31, 2017

Respectfully submitted,

CHAD A. READLER
Acting Assistant Attorney General

ROD J. ROSENSTEIN
United States Attorney

JENNIFER D. RICKETTS
Director, Federal Programs Branch

JOHN R. TYLER
Assistant Director, Federal Programs Branch

*/s/ Arjun Garg*
ARJUN GARG (Bar No. 806537)
MICHELLE R. BENNETT (Bar No. 806456)
DANIEL SCHWEI
BRAD P. ROSENBERG

Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., NW
Washington, DC 20530
Tel: (202) 305-8613
Fax: (202) 616-8470
E-mail: arjun.garg@usdoj.gov
          michelle.bennett@usdoj.gov

*Attorneys for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 31, 2017, I electronically filed the foregoing Memorandum in Opposition to Plaintiffs' Motion for Leave to File Motion for Preliminary Injunction of § 6 on Constitutional Grounds using the Court's CM/ECF system, causing a notice of filing to be served upon all counsel of record.


*/s/ Arjun Garg*
ARJUN GARG