# UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

INTERNATIONAL REFUGEE
ASSISTANCE PROJECT, *a project of the*
*Urban Justice Center, Inc., on behalf of itself*
*and its clients,*
HIAS, INC., *on behalf of itself and its clients,*
MIDDLE EAST STUDIES ASSOCIATION *of*
*North America, Inc., on behalf of itself and*
*its members,*
MUHAMMED METEAB,
PAUL HARRISON,
IBRAHIM AHMED MOHOMED,
JOHN DOES Nos. 1 & 3, and
JANE DOE No. 2,

      Plaintiffs,

      v.

DONALD J. TRUMP, *in his official capacity*
*as President of the United States,*
DEPARTMENT OF HOMELAND
SECURITY,
DEPARTMENT OF STATE,
OFFICE OF THE DIRECTOR OF
NATIONAL INTELLIGENCE,
JOHN F. KELLY, *in his official capacity as*
*Secretary of Homeland Security,*
REX W. TILLERSON, *in his official*
*capacity as Secretary of State,* and
MICHAEL DEMPSEY, *in his official capacity*
*as Acting Director of National Intelligence,*

      Defendants.

Civil Action No. TDC-17-0361

## MEMORANDUM ORDER

Plaintiffs filed this action challenging Executive Order 13,780, "Protecting the Nation

from Foreign Terrorist Entry into the United States" ("Second Executive Order"), 82 Fed. Reg.

13209 (Mar. 9, 2017), on various statutory and constitutional grounds. On March 10, 2017, Plaintiffs filed a Motion for a Preliminary Injunction and/or Temporary Restraining Order of the Executive Order, seeking to enjoin the Second Executive Order in its entirety. On March 16, 2017, the Court issued a Memorandum Opinion and Order granting in part and denying in part Plaintiffs' Motion, construed as a Motion for a Preliminary Injunction. After finding that Plaintiffs are likely to succeed on the merits of their claim that the Second Executive Order violates the Establishment Clause of the First Amendment to the United States Constitution, the Court concluded that a preliminary injunction was warranted. Although Plaintiffs sought a nationwide injunction against the entirety of the Second Executive Order, and Defendants argued that any injunction should be limited to address the specific impacts on Plaintiffs, the Court defined the scope of the injunction as barring enforcement of Section 2(c) of the Second Executive Order on a nationwide basis. The Court declined to enjoin the remaining sections of the Second Executive Order. Defendants have appealed the Court's ruling on the Motion to the United States Court of Appeals for the Fourth Circuit, which has set a briefing schedule leading up to oral argument on May 8, 2017.

Plaintiffs now seek leave to file a new Motion for a Preliminary Injunction requesting that the Court enjoin, on Establishment Clause grounds, Section 6 of the Second Executive Order, which bars the entry of refugees to the United States for a 120-day period and reduces to 50,000 the maximum number of refugees to be admitted during fiscal year 2017. The Court concludes, however, that it has been divested of jurisdiction over such a motion by the pending appeal.

The filing of a notice of appeal "divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58

(1982); *see also Lytle v. Griffith*, 240 F.3d 404, 407 n.2 (4th Cir. 2001) ("Generally, the filing of a notice of appeal immediately transfers jurisdiction of all matters relating to the appeal from the district court to the court of appeals."). Although the district court may nevertheless proceed with matters outside the "interlocutory order" on appeal, *Columbus-Am. Discovery Grp. v. Atl. Mut. Ins. Co.*, 203 F.3d 291, 301-02 (4th Cir. 2000), Plaintiffs' proposed motion seeks to revisit an issue that was specifically addressed in the proceedings leading to, and in the content of, the interlocutory order now on appeal: the scope of the Court's injunction based on the Establishment Clause. In its March 16, 2017 Memorandum Opinion, the Court addressed the scope of relief as follows:

> Plaintiffs have asked the Court to issue an injunction blocking the Executive Order in its entirety. The Court declines to grant such broad relief. The Plaintiffs' Establishment Clause and INA arguments focused primarily on the travel ban for citizens of the six Designated Countries in Section 2(c) of the Second Executive Order. The Court will enjoin that provision only. Although Plaintiffs have argued that sections relating to the temporary ban on refugees also offend the Establishment Clause, they did not sufficiently develop that argument to warrant an injunction on those sections at this time. As for the remaining portions of the Second Order, Plaintiffs have not provided a sufficient basis to establish their invalidity.

Mem. Op. 40-41, ECF No. 149. Now, Plaintiffs seek to rely on the Court's legal conclusions regarding the Establishment Clause and offer further evidence to support the argument that Section 6 should also be enjoined. The proposed motion, therefore, can only fairly be construed as a request to modify or expand the scope of the existing injunction based on the Establishment Clause claim. The Fourth Circuit, however, has made clear that "a district court loses jurisdiction to amend or vacate its order after the notice of appeal has been filed." *Lewis v. Tobacco Workers' Int'l Union*, 577 F.2d 1135, 1139 (4th Cir. 1978); *see also Coastal Corp. v. Tex. E. Corp.*, 869 F.2d 817, 819 (5th Cir. 1989) ("[T]he powers of the district court over an injunction pending appeal should be limited to maintaining the status quo."). The recognized

exception to this rule, which permits the district court to take limited actions "in aid of the appeal," is not applicable here. *Grand Jury Proceedings Under Seal v. United States*, 947 F.2d 1188, 1190 (4th Cir. 1991) (permitting, after the filing of a notice of appeal, the entry of a written order memorializing the district court's oral ruling that was the subject of the appeal); *see Lytle*, 240 F.3d at 407 n.2 (permitting the district court to correct "imprecise wording" in the order). Having considered the issue of whether Section 6 should be enjoined on Establishment Clause grounds in defining the scope of the injunction now on appeal, this Court may not address, during the pendency of the appeal, Plaintiffs' new evidence in support of extending the injunction to cover Section 6. *See Coastal Corp.*, 869 F.2d at 820 ("[A] district court cannot generally accept new evidence or arguments on the injunction while the validity of the injunction is on appeal."); *District 2, Marine Eng. Beneficial Ass'n v. Falcon Carriers, Inc.*, 374 F. Supp. 1342, 1345 (S.D.N.Y. 1974) ("[A]n interlocutory appeal from the denial of preliminary injunctive relief divests the court . . . of jurisdiction with regard to questions raised and decided upon the interlocutory order appealed from.").

Plaintiffs' assertion that the pending appeal relates only to the propriety of enjoining Section 2(c), not Section 6, fails to appreciate that this Court's determination of the proper scope of the preliminary injunction based on the Establishment Clause is, in fact, a subject of the pending appeal. A ruling by the district court that Section 6 should now be covered by the preliminary injunction would impermissibly "move the target" for the court of appeals, *FTC v. Enforma Nat. Prods., Inc.*, 362 F.3d 1204, 1215 n.11 (9th Cir. 2004) (quoting *Kern Oil & Ref. Co. v. Tenneco Oil Co.*, 840 F.2d 730, 734 (9th Cir. 1988)), and would run the risk of simultaneous, incompatible rulings on the scope of the Establishment Clause injunction if the Fourth Circuit were to rule that its scope must be narrowed. Plaintiffs' claim that their proposed

motion is permissible because it seeks a new injunction, rather than a modification of the existing injunction, is also unpersuasive.  To permit a party to circumvent the bar on modifying an injunction on appeal by repackaging its argument as a new motion would thwart the purposes of the rule, which are to "prevent a trial court and an appellate court from considering the same issues simultaneously"—here, the scope of the Establishment Clause injunction—and to "prevent the trial court from taking actions that might duplicate or confuse issues before the appellate court." *Crutchfield v. U.S. Army Corps of Eng'rs*, 230 F. Supp. 2d 673, 679-80 (E.D. Va. 2002).

Even if the Court had jurisdiction over the proposed motion, it would exercise its discretion to stay both the briefing of the motion and its determination pending the Fourth Circuit's review of the March 16, 2017 preliminary injunction.  "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).  The Fourth Circuit's forthcoming analysis on the Establishment Clause claim on appeal would provide this Court with useful guidance on how to resolve the issues to be presented in the proposed motion.  Moreover, in light of the current nationwide injunction of Section 6 by the United States District Court of the District of Hawaii, a stay would not impose any hardship on Plaintiffs or result in irreparable harm.  Plaintiffs may renew their request, if applicable, once the Fourth Circuit has ruled on the pending appeal.

For comparable reasons of judicial economy, and in accordance with Plaintiffs' proposal, the Court will also stay its disposition of Plaintiffs' Motion for a Preliminary Injunction of § 5(d) of the Executive Order, now directed to Section 6(b) of the Second Executive Order, while the nationwide injunction of Section 6 remains in place.  This stay would, as noted by Plaintiffs,

conserve the resources of both the Court and the parties.  Pls.' Reply Br. 6, ECF No. 181; *see also, e.g.*, *Washington v. Trump*, 2017 WL 1050354, at *5 (W.D. Wash. Mar 17, 2017). Plaintiffs may request that the Court lift the stay should circumstances change.

Accordingly, it is hereby ORDERED that:

1. Plaintiffs' Motion for Leave to File Motion for Preliminary Injunction of § 6 on Constitutional Grounds, ECF No. 177, is DENIED WITHOUT PREJUDICE; and

2. The Court STAYS its resolution of Plaintiffs' Motion for a Preliminary Injunction of § 5(d) of the Executive Order, ECF No. 64, during the pendency of the nationwide preliminary injunction of Section 6 of the Second Executive Order by the United States District Court for the District of Hawaii.


Date:  April 10, 2017                          _____/s/_____
                                               THEODORE D. CHUANG
                                               United States District Judge