AMENDED: October 2, 2018
FILED: October 2, 2018

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

No. 17-2231 (L)
(8:17-cv-00361-TDC)

_____

INTERNATIONAL REFUGEE ASSISTANCE PROJECT, a project of the Urban Justice Center, Inc., on behalf of itself and its clients; HIAS, INC., on behalf of itself and its clients; JOHN DOES #1 & 3; JANE DOE #2; MIDDLE EAST STUDIES ASSOCIATION OF NORTH AMERICA, INC., on behalf of itself and its members; MUHAMMED METEAB; ARAB AMERICAN ASSOCIATION OF NEW YORK, on behalf of itself and its clients; YEMENI-AMERICAN MERCHANTS ASSOCIATION; MOHAMAD MASHTA; GRANNAZ AMIRJAMSHIDI; FAKHRI ZIAOLHAGH; SHAPOUR SHIRANI; AFSANEH KHAZAELI; JOHN DOE #4; JOHN DOE #5

   Plaintiffs - Appellees

and

ALLAN HAKKY; SAMANEH TAKALOO; PAUL HARRISON; IBRAHIM AHMED MOHOMED

   Plaintiffs

v.

DONALD J. TRUMP, in his official capacity as President of the United States; UNITED STATES DEPARTMENT OF HOMELAND SECURITY; DEPARTMENT OF STATE; OFFICE OF THE DIRECTOR OF NATIONAL INTELLIGENCE; KIRSTJEN M. NIELSEN, in her official capacity as Secretary of Homeland Security; REX TILLERSON, in his official capacity as Secretary of State; DANIEL R. COATS, in his official capacity as Director of National Intelligence

   Defendants - Appellants

------------------------------

THE AMERICAN CENTER FOR LAW AND JUSTICE; ALABAMA; IMMIGRATION REFORM LAW INSTITUTE; ARKANSAS; ARIZONA; FLORIDA; KANSAS; LOUISIANA; MISSOURI; OHIO; OKLAHOMA; SOUTH CAROLINA; TEXAS; WEST VIRGINIA

   Amici Supporting Appellant

T.A., A U.S. Citizen of Yemeni Descent; RODERICK AND SOLANGE MACARTHUR JUSTICE CENTER; NEW YORK; CALIFORNIA; CONNECTICUT; DELAWARE; ILLINOIS; IOWA; MAINE; MARYLAND; MASSACHUSETTS; NEW MEXICO; OREGON; RHODE ISLAND; VERMONT; VIRGINIA; WASHINGTON; DISTRICT OF COLUMBIA; CATO INSTITUTE; MUSLIM JUSTICE LEAGUE; MUSLIM PUBLIC AFFAIRS COUNCIL; COUNCIL ON AMERICAN-ISLAMIC RELATIONS, California; IMMIGRATION EQUALITY; THE NEW YORK CITY GAY AND LESBIAN ANTI-VIOLENCE PROJECT; THE NATIONAL QUEER ASIAN PACIFIC ISLANDER ALLIANCE; THE LGBT BAR ASSOCIATION OF LOS ANGELES; THE LGBT BAR ASSOCIATION OF GREATER NEW YORK; LESBIAN AND GAY BAR ASSOCIATION OF CHICAGO; GLBTQ LEGAL ADVOCATES & DEFENDERS; BAY AREA LAWYERS FOR INDIVIDUAL FREEDOM; IMMIGRATION LAW PROFESSORS ON STATUTORY CLAIMS; CITY OF CHICAGO; CITY OF LOS ANGELES; CITY OF PHILADELPHIA; U. S. CONFERENCE OF MAYORS; INTERNATIONAL BAR ASSOCIATION'S HUMAN RIGHTS INSTITUTE; THE AMERICAN-ARAB ANTI-DISCRIMINATION COMMITTEE; NATIONAL ASIAN PACIFIC AMERICAN BAR ASSOCIATION; CIVIL RIGHTS ORGANIZATIONS; INTERNATIONAL LABOR ORGANIZATIONS; SCHOLARS OF IMMIGRATION LAW; MEMBERS OF CONGRESS; PROFESSORS OF FEDERAL COURTS JURISPRUDENCE, CONSTITUTIONAL LAW, AND IMMIGRATION LAW; COLLEGES AND UNIVERSITIES; INTERFAITH GROUP OF RELIGIOUS AND INTERRELIGIOUS ORGANIZATIONS AND CLERGY MEMBERS; TECHNOLOGY COMPANIES; INTERNATIONAL LAW SCHOLARS AND NONGOVERNMENTAL ORGANIZATIONS; KAREN KOREMATSU; JAY HIRABAYASHI; HOLLY YASUI; FRED T. KOREMATSU CENTER FOR LAW & EQUALITY; CIVIL RIGHTS ORGANIZATIONS; NATIONAL BAR ASSOCIATIONS OF COLOR; CITY OF NEW YORK; MASSACHUSETTS TECHNOLOGY LEADERSHIP COUNSEL, INC.

   Amici Supporting Appellee

_____

O R D E R

_____

The Supreme Court of the United States has vacated the judgment of this court and remanded for further consideration in light of *Trump v. Hawaii*, 138 S. Ct. 2392 (2018). In obedience to the mandate of the Supreme Court, we remand this case to the district court for further proceedings consistent with the Supreme Court's decision.

Entered at the direction of Chief Judge Gregory.

                                        For the Court

                                        /s/ Patricia S. Connor, Clerk

NIEMEYER, Circuit Judge, with whom Judge AGEE, Senior Judge TRAXLER, and Senior Judge SHEDD join, concurring in the order:

In this case, the Supreme Court vacated our decision, 888 F.3d 233, and remanded it for further consideration in light of *Trump v. Hawaii*, 138 S. Ct. 2392 (2018), where the Court fundamentally disagreed with our reasoning and conclusions. Because that reasoning supported the majority's decision to affirm the decision of the district court, 265 F. Supp. 3d 570, the district court's decision should also be vacated, and I would have preferred to state as much expressly in our order. I observe, nonetheless, that even without any express statement by us, the reasoning and conclusions reached by the district court have been overruled. I join in the entry of the order with this understanding.