UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | |
|---|---|
| INTERNATIONAL REFUGEE ASSISTANCE PROJECT, et al., <br><br> Plaintiffs, <br><br> v. <br><br> DONALD J. TRUMP, in his official capacity as President of the United States, et al. <br><br> Defendants. | Civil Action No.: 17-cv-361 <br> Judge Chuang |
| IRANIAN ALLIANCES ACROSS BORDERS, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> DONALD J. TRUMP, in his official capacity as President of the United States, *et al.* <br><br> Defendants. | Civil Action No.: 17-CV-2921 <br> Judge Chuang |
| EBLAL ZAKZOK, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> DONALD J. TRUMP, in his official capacity as President of the United States, *et al.*, <br><br> Defendants. | Civil Action No.: 17-CV-2969 <br> Judge Chuang |

**JOINT MOTION FOR LEAVE TO AMEND AND SUPPLEMENT *IAAB* AND *ZAKZOK* COMPLAINTS AND FOR ENTRY OF A BRIEFING SCHEDULE**

1. Plaintiffs in these three cases challenge Presidential Proclamation No. 9645, "Enhancing Vetting Capabilities and Processes for Detecting Attempted Entry Into the United States by Terrorists or Other Public-Safety Threats." In October 2017, this Court enjoined enforcement of the Proclamation on the grounds that it likely violated the Establishment Clause of the First Amendment, and the *en banc* Fourth Circuit affirmed that ruling. *See Int'l Refugee Assistance Project ("IRAP") v. Trump*, 265 F. Supp. 3d 570 (D. Md. 2017), *aff'd*, 883 F.3d 233 (4th Cir. 2018) (en banc). The Supreme Court vacated the Fourth Circuit's decision and remanded for further consideration in light of *Trump v. Hawaii*, 138 S. Ct. 2392 (2018). *See Trump v. IRAP*, 138 S. Ct. 2710 (2018). The Fourth Circuit recently remanded the case to this Court for further proceedings. *See IRAP v. Trump*, No. 17-2231, 2018 WL 4760908, at *1 (4th Cir. Oct. 2, 2018). Plaintiffs now seek to litigate their claims on the merits.

2. The Government has informed Plaintiffs that, as the next step in litigating the merits of Plaintiffs' claims, the Government intends to file a motion to dismiss Plaintiffs' claims. Before that motion is filed, however, the *IAAB* and *Zakzok* Plaintiffs request permission to file amended complaints.[1] The Government has consented to that request.

3. If the proposed amended complaints were governed solely by Federal Rule of Civil Procedure 15(a), Plaintiffs could file the amended complaints without leave of Court based on the Government's consent. *See* Fed. R. Civ. P. 15(a)(2). But some of the proposed revisions may be governed by Rule 15(d), which addresses supplemental pleadings. *See* Fed. R. Civ. P. 15(d). Rather than litigate whether a particular revision is properly deemed an amendment under Rule 15(a)

---

[1] The *IRAP* Plaintiffs do not seek leave to amend their complaint. They seek relief on their claims as pleaded in their Second Amended Complaint, filed on October 5, 2017.

1

or a supplement under Rule 15(d), Plaintiffs seek to moot the issue by obtaining leave of Court to file their amended complaints.

4. Under Rule 15(a), leave to amend a pleading should be "freely give[n] . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). Leave to amend should be granted "[i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962). This lenient standard also applies to requests to supplement a pleading under Rule 15(d). *See Franks v. Ross*, 313 F.3d 184, 198 (4th Cir. 2002). Under these standards, granting the *IAAB* and *Zakzok* Plaintiffs' requests for leave to amend and/or supplement their complaints is appropriate here, and the Government consents to Plaintiffs' requested relief in these circumstances. The primary change in both proposed amended complaints is the inclusion of additional allegations in support of Plaintiffs' claims. *See, e.g.* Ex. A (*IAAB* Proposed Second Am. Compl.) ¶¶ 68–82; Ex. B (*Zakzok* Proposed First Am. Compl.) ¶¶ 20, 45, 52–54.[2] The proposed amended complaints also address developments in the case since the current operative complaints were filed, including by updating the status of visa applications for certain Plaintiffs' relatives. *See, e.g.*, Ex. A ¶¶ 16, 83–85; Ex. B ¶¶ 76–81.[3] The Court should thus grant leave to file amended complaints in *IAAB* and *Zakzok*.

5. As noted above, the Government intends to file a motion to dismiss to claims in *IRAP*, *IAAB*, and *Zakzok*. The Plaintiffs in the three cases consent to the Government filing a

---

[2] In accordance with D. Md. Local Rule 6(b), redline versions of both complaints are attached as Exhibits C and D to this motion.

[3] The *IAAB* proposed Second Amended Complaint also removes Jane Doe #4 as a plaintiff and removes statutory claims under the Immigration and Nationality Act. *See IAAB* First Am. Compl. ¶¶ 15, 75–82.

single motion addressing all three cases, and the Plaintiffs agree to file a consolidated opposition brief. The consolidated briefs will all abide by the page limitations set forth in Local Rule 105.3.

6. The parties, having already conferred, respectfully request that the Court dispense with the requirement of filing a "Notice of Intent to File a Motion" in connection with the Government's upcoming motion to dismiss. Additionally, the parties have further agreed upon and respectfully request entry of the following briefing schedule:

| | |
|---|---|
| Government's Motion to Dismiss | November 5, 2018 |
| Plaintiffs' Joint Opposition | December 3, 2018 |
| Government's Reply | December 21, 2018 |

7. Plaintiffs also respectfully request that the Court schedule oral argument on the motion at the earliest possible date.

## CONCLUSION

For the foregoing reasons, the Court should (1) dispense with the requirement to file a "Notice of Intent to File a Motion"; (2) grant leave to file amended complaints in *IAAB* and *Zakzok*; and (3) enter a briefing schedule with the parties' agreed-upon deadlines for the Government's motion to dismiss.

Motion: Granted 11/2/2018

Theodore D. Chuang
United States District Judge

Dated: October 12, 2018

Respectfully submitted,

/s/

Johnathan Smith*
Sirine Shebaya (Bar # 07191)
MUSLIM ADVOCATES
P.O. Box 66408
Washington, D.C. 20035
Tel: (202) 897-2622
Fax: (415) 765-1774
johnathan@muslimadvocates.org
sirine@muslimadvocates.org

Mark H. Lynch (Bar # 12560)
Mark W. Mosier*
Karun Tilak*
Marianne F. Kies (Bar # 18606)
COVINGTON & BURLING LLP
One City Center
850 10th Street, NW
Washington, D.C. 20001
Tel: (202) 662-6000