

**U.S. Department of Justice**
**Civil Division, Federal Programs Branch**
1100 L Street NW
Washington, DC  20530

---

Daniel Schwei                                    Telephone:    (202) 305-8693
Senior Trial Counsel                             E-Mail:       daniel.s.schwei@usdoj.gov

May 31, 2019

The Honorable Theodore D. Chuang
U.S. District Court for the District of Maryland
6500 Cherrywood Lane
Greenbelt, MD 20770

> Re:    Notice of Intent to File Motion in *IRAP v. Trump*, No. 17-cv-361; *IAAB v. Trump*,
>        No. 17-cv-2921; and *Zakzok v. Trump*, No. 17-cv-2969, Requesting Interlocutory
>        Appeal Pursuant to 28 U.S.C. § 1292(b) of the Court's Order of May 2, 2019, and a
>        Stay of Any Discovery Pending Resolution of All Interlocutory Appeal Proceedings

Dear Judge Chuang:

We write pursuant to Section II.A of the Case Management Order in the three above-captioned cases.  Specifically, we write to request a Pre-Motion Conference with the Court regarding the Government's intent to file a motion for certification of the Court's Order of May 2, 2019 for interlocutory appeal pursuant to 28 U.S.C. § 1292(b), as well as for a stay of any discovery pending resolution of all proceedings related to that interlocutory appeal.

## I.    Certification of the Court's May 2, 2019 Order for Interlocutory Appeal

A district court may certify an order for interlocutory appeal if the "order involves a controlling question of law as to which there is substantial ground for difference of opinion and . . . an immediate appeal from the order may materially advance the ultimate termination of the litigation[.]"  28 U.S.C. § 1292(b).  The Court of Appeals may then "permit an appeal to be taken from such order[.]"  *Id.*

Here, the Court's Order of May 2, 2019—denying the Government's motion to dismiss as to Plaintiffs' constitutional claims—amply satisfies the criteria for certification under § 1292(b).  First, the Court's denial of the Government's motion to dismiss involves "controlling question[s] of law[.]"  The Government's motion to dismiss argued, *inter alia*, that Plaintiffs' constitutional claims cannot proceed because they are foreclosed by the Supreme Court's decision in *Trump v. Hawaii*, 138 S. Ct. 2392 (2018).  Resolution of that issue by the Court of Appeals would not only "materially affect the outcome of litigation in the district court," *In re Baker & Getty Fin. Servs., Inc.*, 954 F.2d 1169, 1172 n.8 (6th Cir. 1992), but may in fact be dispositive of this litigation.  Thus, resolution of this legal question would both involve "controlling question[s] of law" and would "materially advance the ultimate termination of the litigation[.]"  28 U.S.C. § 1292(b); *cf. Ashcroft v. Iqbal*, 556 U.S. 662, 674-75 (2009) (holding that "[e]valuating the sufficiency of a complaint is not a '[f]act-

based' question of law" but an "'abstract' legal question[]" appropriate for purposes of interlocutory collateral-order review).

Moreover, there is "substantial ground for difference of opinion" regarding whether Plaintiffs' constitutional claims may proceed in light of *Hawaii*. This standard asks only whether "reasonable jurists might disagree on an issue's resolution," *Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 688 (9th Cir. 2011), and therefore a district court may properly grant certification of a ruling even when the district court "is confident in the correctness" of that ruling. *Coal. for Equity & Excellence in Maryland Higher Educ. v. Maryland Higher Educ. Comm'n*, 2015 WL 4040425 at *6 (D. Md. June 29, 2015). Additionally, "'[t]he level of uncertainty required to find a substantial ground for difference of opinion should be adjusted to meet the importance of the question in the context of the specific case.'" *Id.* (quoting Wright & Miller, *Federal Practice & Procedure* § 3930).

Here, reasonable jurists may properly disagree on whether Plaintiffs' constitutional claims survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). For example, this Court's May 2 Order relied on past Supreme Court decisions involving rational-basis review to conclude that "the Proclamation would fail rational basis review if the evidence revealed that for each of its stated purposes, . . . there was no rational relationship between the Proclamation and that purpose[.]" MTD Op. (*IRAP* ECF No. 276) at 33. But reasonable jurists could disagree, and instead conclude that *Hawaii* expressly forecloses such an inquiry requiring courts "to probe and test the justifications of immigration policies." *Hawaii*, 138 S. Ct. at 2419. Similarly, although this Court held that "the Complaints also provide specific allegations aimed at refuting 'the presumption of rationality' that applies to the Proclamation's stated national security purposes," MTD Op. at 36, a reasonable jurist could disagree and conclude that the Supreme Court already considered those same allegations and concluded that they did not undermine the validity of the Proclamation's national-security justification. *See Hawaii*, 138 S. Ct. at 2421 ("[B]ecause there is persuasive evidence that the entry suspension has a legitimate grounding in national security concerns, quite apart from any religious hostility, we must accept that independent justification."). Additionally, even apart from national security, a reasonable jurist could conclude that the Proclamation survives rational-basis review due to the independent justification of furthering legitimate foreign-policy objectives—*i.e.*, creating diplomatic pressure on countries to improve their information-sharing. *See id.* at 2411 ("One of the key objectives of the Proclamation is to encourage foreign governments to improve their practices, thus facilitating the Government's vetting process overall.").

Finally, the risks and burdens posed by allowing these cases to proceed also support certification of the Court's Order for interlocutory appeal. These cases present challenges to an action by the President himself regarding "the admission and exclusion of foreign nationals," which is "a fundamental sovereign attribute exercised by the Government's political departments largely immune from judicial control." *Hawaii,* 138 S. Ct. at 2418. Plaintiffs' claims request "judicial inquiry into the national-security realm," which "raises concerns for the separation of powers by intruding on the President's constitutional responsibilities in the area of foreign affairs," and is an area in which "the lack of competence on the part of the courts is marked." *Id.* at 2419. Moreover, Plaintiffs have already made clear their desire and intent to undertake particularly intrusive and burdensome discovery, including by requesting documents that are pre-decisional, protected by the presidential communications privilege, and/or contain classified information. *See generally* Defs.' Stay Mem. (*IAAB* ECF No. 63-1) at 14-21; Defs.' Stay Reply Mem. (*IAAB* ECF No. 66) at 18-28. Particularly when such intrusive discovery is contemplated, granting certification over threshold legal questions is amply justified. *See, e.g.*, *In re United States*, 138 S. Ct. 443, 445 (2017) (stating, in a

challenge to Executive Branch actions in the area of immigration policy, that the district court should consider certifying its motion-to-dismiss ruling for interlocutory appeal because doing so would "eliminate the need for the District Court to examine a complete administrative record"); *In re Trump*, 874 F.3d 948, 952 (6th Cir. 2017) (granting interlocutory appeal where plaintiffs had sued the President in his personal capacity on a novel state law claim and had served discovery on him, because "[t]he practical and political consequences of such a case are readily apparent"); *cf. Cheney v. United States District Court*, 542 U.S. 367, 385 (2004) ("[T]he high respect that is owed to the office of the Chief Executive is a matter that should inform the conduct of the entire proceeding, including the timing and scope of discovery, and that the Executive's constitutional responsibilities and status are factors counseling judicial deference and restraint in the conduct of litigation against it.").

For all of these reasons, as well as those to be developed during further briefing, the Government respectfully submits that certification of the Court's May 2 Order for interlocutory appeal pursuant to 28 U.S.C. § 1292(b) is appropriate.

## II.      Stay of Discovery Pending Completion of 1292(b) Proceedings

In order to maximize the efficiency savings of an interlocutory appeal, the Government also intends to request that any discovery in these cases be stayed pending completion of any and all proceedings related to the Government's interlocutory appeal (whether in this Court or in the Fourth Circuit).  Given the controlling—indeed, potentially dispositive—nature of the legal questions that would be certified for interlocutory appeal, allowing intrusive and burdensome discovery to proceed prior to resolution of the appeal would threaten to waste both the parties' and this Court's resources.  Accordingly, a stay of discovery is well justified.  *See generally* Mem. Op. (*IRAP* ECF No. 255) (granting stay of discovery pending Supreme Court review).[*]

In the Government's view, interlocutory appeal is the fastest and most efficient way to resolve Plaintiffs' remaining claims, given the controlling nature of the legal questions to be certified.  Nonetheless, in order to minimize any potential delay caused by an interlocutory appeal, the Government is amenable to requesting expedited proceedings before the Fourth Circuit.

## III.     Plaintiffs' Position

The Government contacted counsel for Plaintiffs in all three cases, who indicated that Plaintiffs oppose both forms of relief to be requested by the Government.


Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

---

[*] By requesting that discovery be stayed during the pendency of interlocutory appeal proceedings, the Government is not hereby conceding that any discovery in these cases is appropriate.  The Government reserves the right to argue in the future that any discovery, in whole or in part, should be foreclosed.

ROBERT K. HUR
United States Attorney

JOHN R. TYLER
Assistant Branch Director

/s/  Daniel Schwei
DANIEL SCHWEI (Bar No. 96100)
Senior Trial Counsel
ANDREW M. BERNIE
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L St. NW
Washington DC 20005
Tel: (202) 305-8693
Fax: (202) 616-8460
E-mail: daniel.s.schwei@usdoj.gov