**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**SOUTHERN DIVISION**

| | |
|---|---|
| _____ )<br>INTERNATIONAL REFUGEE )<br>ASSISTANCE PROJECT, *et al.*, )<br>         )<br>        Plaintiffs, )<br>         )<br>        v. )<br>         )<br>DONALD TRUMP, in his official capacity )<br>as President of the United States, *et al.*, )<br>         )<br>        Defendants. )<br>_____ ) | **No. 1:17-cv-361-TDC**<br>**Judge Chuang** |

**ANSWER TO SECOND AMENDED COMPLAINT FOR**
**DECLARATORY AND INJUNCTIVE RELIEF**

Donald J. Trump (in his official capacity as the President of the United States), the United States Department of Homeland Security, the United States Department of State, the Office of the Director of National Intelligence, Kevin K. McAleenan (in his official capacity as Acting Secretary of Homeland Security), Michael R. Pompeo (in his official capacity as United States Secretary of State), and Dan Coats in his official capacity as Director of National Intelligence, (collectively, "Defendants")[1] respectfully answer the allegations in Plaintiffs' Amended Complaint ("Complaint") as follows:

The unnumbered "Introduction" does not comply with the Federal Rules of Civil Procedure and does not require a response.  To the extent a response is required, Defendants state that the three referenced Executive Orders and litigation concerning them (including this action) speak for themselves.  Defendants otherwise deny these paragraphs except to admit that President Trump was inaugurated in January 2017, and admit that Plaintiffs seek injunctive relief (but deny that Plaintiffs are entitled to injunctive relief or to any relief whatsoever).

1.      This paragraph consists of legal conclusions to which no response is required.  To the extent a response is required, denied.

2.      Admit that Defendants are officers or employees of the United States sued in their official capacities and agencies of the United States.  Defendants lack knowledge and information sufficient to form a belief as to the truth of the penultimate sentence of this paragraph.  The final sentence is a legal conclusion to which no response is required.  The remainder of this paragraph consists of legal conclusions to which no response is required, but, to the extent a response is

---

[1] Pursuant to Fed. R. Civ. P. 25(d), Acting Secretary McAleenan and Secretary Pompeo have been automatically substituted for their respective predecessors, former Secretary Duke and former Secretary Tillerson, as Defendants in this action.

required, denied.

3.      Admit that Plaintiffs are both individuals and organizations.  To the extent this paragraph characterizes the President's executive order issued on January 27, 2017 ("EO-1"), the executive order issued on March 6, 2017 ("EO-2"), and the proclamation issued on September 24, 2017 ("Proclamation") (collectively, "Orders" or "Executive Orders"), Defendants refer to the Orders themselves for a complete and accurate description of their contents.  Defendants otherwise lack knowledge and information sufficient to form a belief as to the truth of the allegations in this paragraph.

4.      The final sentence of this paragraph is a legal conclusion to which no response is required but, to the extent a response is required, denied.   Defendants otherwise lack knowledge and information sufficient to form a belief as to the truth of the allegations in this paragraph.

5.      Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in this paragraph.

6.      Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in this paragraph.

7.      Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in this paragraph.

8.      Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in this paragraph.

9.      Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in this paragraph.

10.      Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in this paragraph.

11.     Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in this paragraph.

12.     Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in this paragraph.

13.     Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in this paragraph.

14.     This paragraph consists of legal conclusions to which no response is required.  To the extent a response is required, denied.

15.     Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in this paragraph.

16.     Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in this paragraph.

17.     Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in this paragraph.

18.     Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in this paragraph.

19.     Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in this paragraph.

20.     Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in this paragraph.

21.     Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in this paragraph.

22.     Defendants lack knowledge and information sufficient to form a belief as to the

truth of the allegations in this paragraph.

23.     Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in this paragraph.

24.     This paragraph consists of legal conclusions to which no response is required.  To the extent a response is required, denied.

25.     Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in this paragraph.

26.     Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in this paragraph.

27.     This paragraph consists of MESA's characterization of its claims, to which no response is required.  To the extent a response is required, denied except to admit that MESA purports to bring claims on behalf of itself and its members.

28.     Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in this paragraph.

29.     Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in this paragraph.

30.     This paragraph consists of legal conclusions to which no response is required.  To the extent a response is required, denied.

31.     Deny that EO-1 was intended to cause or caused harassment of the Yemeni-American community.  Defendants otherwise lack knowledge and information sufficient to form a belief as to the truth of the allegations in this paragraph.

32.     Deny to the extent this paragraph characterizes the Orders as "Muslim-targeted travel restrictions."  Defendants otherwise lack knowledge and information sufficient to form a

belief as to the truth of the allegations in this paragraph.

33.     Defendants lack knowledge and information sufficient to form a belief about the truth of the allegations in this paragraph.

34.      This paragraph consists of YAMA's characterization of its claims, to which no response is required.  To the extent a response is required, denied except to admit that YAMA purports to bring claims on behalf of itself and its members.

35.      This paragraph consists of allegations relating to a plaintiff who has voluntarily dismissed her claims.

36.     This paragraph consists of allegations relating to a plaintiff who has voluntarily dismissed her claims.

37.     Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in this paragraph.

38.     Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in this paragraph.

39.     Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in this paragraph.

40.     Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in this paragraph.

41.     Defendants state that, according to the Department of State's records, the spouse of a person by this name was issued an immigrant visa in 2017 before the Proclamation went into effect.  Defendants otherwise lack knowledge and information sufficient to form a belief as to the truth of the allegations in this paragraph.

42.     Defendants deny that Ms. Amirjamshidi's mother's visa application is pending.  Per

22 C.F.R. 41.121, visa applications are adjudicated at the time of interview and a consular officer must either issue or refuse the visa at that time.  Defendants lack knowledge and information sufficient to form a belief as to the truth of the remainder of the allegations in this paragraph.

43.     Defendants state that, according to the Department of State's records, the spouse of a person by this name was issued an immigrant visa in 2017 before the Proclamation went into effect.  Defendants otherwise lack knowledge and information sufficient to form a belief as to the truth of the allegations in this paragraph.

44.     This paragraph consists of allegations relating to a plaintiff who has voluntarily dismissed her claims.

45.     Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in this paragraph.

46.     Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in this paragraph.

47.     Admit.

48.     Admit the first sentence.  Plaintiffs' description of various components' roles is a legal conclusion to which no response is required.  The remainder of this paragraph consists of Plaintiffs' characterizations of various entities' responsibilities under EO-2 and the Proclamation, which speak for themselves.

49.     Admit the first two sentences.  The remainder of this paragraph consists of Plaintiffs' characterizations of the Department of State's responsibilities under EO-2 and the Proclamation, which speak for themselves.

50.     Admit the first sentence.  The second sentence consists of Plaintiffs' characterization of ODNI's responsibilities and obligations in EO-2 and the Proclamation;

Defendants refer the Court to those sources themselves for a full and accurate description of their contents.

51.    Admit the second sentence as to Secretary of State Pompeo.  The first sentence is a legal conclusion to which no response is required.

52.    Admit the second sentence as to Acting Secretary McAleenan.  The first sentence is a legal conclusion to which no response is required.

53.    Admit that Mr. Coats is Director of National Intelligence.  The remainder of this sentence consists of Plaintiffs' characterization of EO-2 and the Proclamation, which speak for themselves.  Admit that Mr. Coats is sued in his official capacity.

## FACTUAL ALLEGATIONS

Deny the heading prior to paragraph 54.

54.    Denied.  Defendants further deny that the allegations in this paragraph are material or are a basis for showing that Plaintiffs are entitled to relief given that the Supreme Court considered numerous statements allegedly demonstrating the President's discriminatory intent in *Hawaii v. Trump*, 138 S. Ct. 2392 (2018) and nonetheless rejected materially indistinguishable claims.

55.    This paragraph quotes a statement from then-candidate Trump's website, which speaks for itself.  Defendants further deny that the allegations in this paragraph are material or are a basis for showing that Plaintiffs are entitled to relief given that the Supreme Court considered numerous statements allegedly demonstrating the President's discriminatory intent in *Hawaii v. Trump*, 138 S. Ct. 2392 (2018) and nonetheless rejected materially indistinguishable claims.

56.    Defendants lack knowledge and information sufficient to form a belief as to whether or when the referenced statement was removed from then-candidate Trump's website.

Otherwise, this paragraph characterizes a statement on then-candidate Trump's website, which speaks for itself.

57.     This paragraph discusses a statement by then-candidate Trump, which speaks for itself.  Defendants further deny that the allegations in this paragraph are material or are a basis for showing that Plaintiffs are entitled to relief given that the Supreme Court considered numerous statements allegedly demonstrating the President's discriminatory intent in *Hawaii v. Trump*, 138 S. Ct. 2392 (2018) and nonetheless rejected materially indistinguishable claims.

58.     This paragraph discusses a statement by then-candidate Trump, which speaks for itself.  Defendants further deny that the allegations in this paragraph are material or are a basis for showing that Plaintiffs are entitled to relief given that the Supreme Court considered numerous statements allegedly demonstrating the President's discriminatory intent in *Hawaii v. Trump*, 138 S. Ct. 2392 (2018) and nonetheless rejected materially indistinguishable claims.

59.     This paragraph characterizes unspecified alleged statements from then-candidate Trump, which speak for themselves.   To the extent a further response is required, denied. Defendants further deny that the allegations in this paragraph are material or are a basis for showing that Plaintiffs are entitled to relief given that the Supreme Court considered numerous statements allegedly demonstrating the President's discriminatory intent in *Hawaii v. Trump*, 138 S. Ct. 2392 (2018) and nonetheless rejected materially indistinguishable claims.

60.     This paragraph discusses a statement by then-candidate Trump, which speaks for itself.  Defendants further deny that the allegations in this paragraph are material or are a basis for showing that Plaintiffs are entitled to relief given that the Supreme Court considered numerous statements allegedly demonstrating the President's discriminatory intent in *Hawaii v. Trump*, 138 S. Ct. 2392 (2018) and nonetheless rejected materially indistinguishable claims.

61.     This paragraph discusses a statement by then-candidate Trump, which speaks for itself.  Defendants further deny that the allegations in this paragraph are material or are a basis for showing that Plaintiffs are entitled to relief given that the Supreme Court considered numerous statements allegedly demonstrating the President's discriminatory intent in *Hawaii v. Trump*, 138 S. Ct. 2392 (2018) and nonetheless rejected materially indistinguishable claims.

62.     This paragraph discusses a statement by then-candidate Trump, which speaks for itself.  Defendants further deny that the allegations in this paragraph are material or are a basis for showing that Plaintiffs are entitled to relief given that the Supreme Court considered numerous statements allegedly demonstrating the President's discriminatory intent in *Hawaii v. Trump*, 138 S. Ct. 2392 (2018) and nonetheless rejected materially indistinguishable claims.

63.     This paragraph discusses a tweet, which speaks for itself.  Defendants further deny that the allegations in this paragraph are material or are a basis for showing that Plaintiffs are entitled to relief given that the Supreme Court considered numerous statements allegedly demonstrating the President's discriminatory intent in *Hawaii v. Trump*, 138 S. Ct. 2392 (2018) and nonetheless rejected materially indistinguishable claims.

64.     This paragraph discusses a statement by then-candidate Trump, which speaks for itself.  Defendants further deny that the allegations in this paragraph are material or are a basis for showing that Plaintiffs are entitled to relief given that the Supreme Court considered numerous statements allegedly demonstrating the President's discriminatory intent in *Hawaii v. Trump*, 138 S. Ct. 2392 (2018) and nonetheless rejected materially indistinguishable claims.

65.     This paragraph consists of Plaintiffs' characterization of a statement made by Rudolph Giuliani, to which no response is required.  Defendants further deny that the allegations in this paragraph are material or are a basis for showing that Plaintiffs are entitled to relief given

that the Supreme Court considered numerous statements allegedly demonstrating the President's discriminatory intent in *Hawaii v. Trump*, 138 S. Ct. 2392 (2018) and nonetheless rejected materially indistinguishable claims.

66.     This paragraph characterizes unspecified statements from then-candidate Trump as well as the legal effect of the Visa Waiver Program, all of which speak for themselves.  Defendants further deny that the allegations in this paragraph are material or are a basis for showing that Plaintiffs are entitled to relief given that the Supreme Court considered numerous statements allegedly demonstrating the President's discriminatory intent in *Hawaii v. Trump*, 138 S. Ct. 2392 (2018) and nonetheless rejected materially indistinguishable claims.  To the extent there are further factual allegations in this paragraph, they are denied.

67.     This paragraph characterizes unspecified statements from then-candidate Trump, which speak for themselves.  Defendants further deny that the allegations in this paragraph are material or are a basis for showing that Plaintiffs are entitled to relief given that the Supreme Court considered numerous statements allegedly demonstrating the President's discriminatory intent in *Hawaii v. Trump*, 138 S. Ct. 2392 (2018) and nonetheless rejected materially indistinguishable claims.

68.     This paragraph discusses a statement by then-candidate Trump, which speaks for itself.  Defendants further deny that the allegations in this paragraph are material or are a basis for showing that Plaintiffs are entitled to relief given that the Supreme Court considered numerous statements allegedly demonstrating the President's discriminatory intent in *Hawaii v. Trump*, 138 S. Ct. 2392 (2018) and nonetheless rejected materially indistinguishable claims.

69.     This paragraph discusses a tweet, which speaks for itself.  Defendants further deny that the allegations in this paragraph are material or are a basis for showing that Plaintiffs are

entitled to relief given that the Supreme Court considered numerous statements allegedly demonstrating the President's discriminatory intent in *Hawaii v. Trump*, 138 S. Ct. 2392 (2018) and nonetheless rejected materially indistinguishable claims.

70.     This paragraph discusses a statement by then-candidate Trump, which speaks for itself.  Defendants further deny that the allegations in this paragraph are material or are a basis for showing that Plaintiffs are entitled to relief given that the Supreme Court considered numerous statements allegedly demonstrating the President's discriminatory intent in *Hawaii v. Trump*, 138 S. Ct. 2392 (2018) and nonetheless rejected materially indistinguishable claims.

71.     This paragraph discusses a statement by then-candidate Trump, which speaks for itself.  Defendants further deny that the allegations in this paragraph are material or are a basis for showing that Plaintiffs are entitled to relief given that the Supreme Court considered numerous statements allegedly demonstrating the President's discriminatory intent in *Hawaii v. Trump*, 138 S. Ct. 2392 (2018) and nonetheless rejected materially indistinguishable claims.

72.     This paragraph discusses a statement by then-candidate Trump, which speaks for itself.  Defendants further deny that the allegations in this paragraph are material or are a basis for showing that Plaintiffs are entitled to relief given that the Supreme Court considered numerous statements allegedly demonstrating the President's discriminatory intent in *Hawaii v. Trump*, 138 S. Ct. 2392 (2018) and nonetheless rejected materially indistinguishable claims.

73.     This paragraph discusses a statement by then-candidate Trump, which speaks for itself.  Defendants further deny that the allegations in this paragraph are material or are a basis for showing that Plaintiffs are entitled to relief given that the Supreme Court considered numerous statements allegedly demonstrating the President's discriminatory intent in *Hawaii v. Trump*, 138 S. Ct. 2392 (2018) and nonetheless rejected materially indistinguishable claims.

74.     This paragraph discusses a statement by then-candidate Trump, which speaks for itself.  Defendants further deny that the allegations in this paragraph are material or are a basis for showing that Plaintiffs are entitled to relief given that the Supreme Court considered numerous statements allegedly demonstrating the President's discriminatory intent in *Hawaii v. Trump*, 138 S. Ct. 2392 (2018) and nonetheless rejected materially indistinguishable claims.

75.     This paragraph discusses a statement by then-candidate Trump, which speaks for itself.  Defendants further deny that the allegations in this paragraph are material or are a basis for showing that Plaintiffs are entitled to relief given that the Supreme Court considered numerous statements allegedly demonstrating the President's discriminatory intent in *Hawaii v. Trump*, 138 S. Ct. 2392 (2018) and nonetheless rejected materially indistinguishable claims.

76.     This paragraph discusses a statement by then-candidate Trump, which speaks for itself.  Defendants further deny that the allegations in this paragraph are material or are a basis for showing that Plaintiffs are entitled to relief given that the Supreme Court considered numerous statements allegedly demonstrating the President's discriminatory intent in *Hawaii v. Trump*, 138 S. Ct. 2392 (2018) and nonetheless rejected materially indistinguishable claims.

77.     This paragraph discusses a speech by then-candidate Trump, which speaks for itself.  Defendants further deny that the allegations in this paragraph are material or are a basis for showing that Plaintiffs are entitled to relief given that the Supreme Court considered numerous statements allegedly demonstrating the President's discriminatory intent in *Hawaii v. Trump*, 138 S. Ct. 2392 (2018) and nonetheless rejected materially indistinguishable claims.

78.     This paragraph discusses a speech by then-candidate Trump, which speaks for itself.  Defendants further deny that the allegations in this paragraph are material or are a basis for showing that Plaintiffs are entitled to relief given that the Supreme Court considered numerous

statements allegedly demonstrating the President's discriminatory intent in *Hawaii v. Trump*, 138 S. Ct. 2392 (2018) and nonetheless rejected materially indistinguishable claims.

79.     This paragraph discusses a speech by then-candidate Trump, which speaks for itself.  Defendants further deny that the allegations in this paragraph are material or are a basis for showing that Plaintiffs are entitled to relief given that the Supreme Court considered numerous statements allegedly demonstrating the President's discriminatory intent in *Hawaii v. Trump*, 138 S. Ct. 2392 (2018) and nonetheless rejected materially indistinguishable claims.

80.     This paragraph discusses a speech by then-candidate Trump, which speaks for itself.  Defendants further deny that the allegations in this paragraph are material or are a basis for showing that Plaintiffs are entitled to relief given that the Supreme Court considered numerous statements allegedly demonstrating the President's discriminatory intent in *Hawaii v. Trump*, 138 S. Ct. 2392 (2018) and nonetheless rejected materially indistinguishable claims.

81.     This paragraph discusses a statement by then-candidate Trump, which speaks for itself.  Defendants further deny that the allegations in this paragraph are material or are a basis for showing that Plaintiffs are entitled to relief given that the Supreme Court considered numerous statements allegedly demonstrating the President's discriminatory intent in *Hawaii v. Trump*, 138 S. Ct. 2392 (2018) and nonetheless rejected materially indistinguishable claims.

82.     This paragraph discusses a statement by then President-elect Trump, which speaks for itself.  Defendants further deny that the allegations in this paragraph are material or are a basis for showing that Plaintiffs are entitled to relief given that the Supreme Court considered numerous statements allegedly demonstrating the President's discriminatory intent in *Hawaii v. Trump*, 138 S. Ct. 2392 (2018) and nonetheless rejected materially indistinguishable claims.

83.     Denied except to admit that President Trump issued EO-1 on January 27, one week

after being inaugurated.

84.     Deny the first sentence of this paragraph.  As to the second sentence, denied except to admit that President Trump gave an interview with the Christian Broadcasting Network that was released on January 27.  The remainder of this paragraph characterizes that interview, which speaks for itself.  To the extent there are any further factual allegations in this paragraph, they are denied.

85.     This paragraph consists of legal conclusions to which no response is required but, to the extent a response is required, denied.

86.     This paragraph characterizes EO-1, which speaks for itself.

87.     This paragraph characterizes EO-1, which speaks for itself.  To the extent there are any further factual allegations in this paragraph, they are denied.

88.     This paragraph characterizes EO-1, which speaks for itself.

89.     This paragraph characterizes EO-1, which speaks for itself.

90.     The first sentence of this paragraph is a legal conclusion to which no response is required.  The remainder of this paragraph characterizes EO-1, which speaks for itself.

91.      This paragraph characterizes EO-1, which speaks for itself.

92.     Deny the first sentence of this paragraph.  Defendants lack knowledge and information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

93.     This paragraph consists of legal conclusions to which no response is required.

94.     This paragraph characterizes EO-1, which speaks for itself.

95.     These allegations relate to a claim that has been dismissed from this case.

96.     These allegations relate to a claim that has been dismissed from this case.

97.     These allegations relate to a claim that has been dismissed from this case.

98.     This paragraph consists of Plaintiffs' characterization of the effects of EO-1, to

which no response is required.  Further, these allegations relate to a claim that has been dismissed from this case.

99.    Deny that this paragraph accurately summarizes the purpose or effect of the referenced section of EO-1.  This paragraph cites and characterizes a judicial decision, which speaks for itself.  To the extent there are any further factual allegations in this paragraph, they are denied.

100.    This paragraph consists of legal conclusions to which no response is required but, to the extent a response is required, denied.

101.    This paragraph consists of vague allegations about unnamed CBP officials' actions during an undefined time period, the subjective purpose of those actions, and Plaintiffs' characterization of those actions; as such, Defendants are not capable of meaningfully responding to such vague allegations.  To the extent a further response is required, denied.

102.    This paragraph consists of legal conclusions to which no response is required.

103.    This paragraph consists of Plaintiffs' characterization of the operation and results of a prior government program, which speak for themselves and to which no response is required.

104.    Admit.

Deny the heading prior to paragraph 105

105.    This paragraph consists of Plaintiffs' characterization of the preparation and implementation of EO-1, to which no response is required.

106.    This paragraph consists of Plaintiffs' characterization of the preparation and implementation of EO-1, to which no response is required.

107.    This paragraph consists of Plaintiffs' characterization of the implementation of EO-1, to which no response is required.

108. This paragraph consists of Plaintiffs' characterization of the preparation and implementation of EO-1, to which no response is required.

109. This paragraph consists of Plaintiffs' characterization of unspecified news reports to which no response is required.

110. This paragraph consists of Plaintiffs' characterization of unspecified news reports to which no response is required. This paragraph also contains Plaintiffs' characterization of the preparation of EO-1, to which no response is required.

111. This paragraph consists of Plaintiffs' characterization of the preparation of EO-1, to which no response is required.

112. This paragraph characterizes comments reportedly made by Mr. Bannon, which speak for themselves.

113. This paragraph consists of Plaintiffs' characterization of unspecified news reports to which no response is required. This paragraph also contains Plaintiffs' characterization of the preparation of EO-1, to which no response is required.

114. This paragraph consists of Plaintiffs' legal conclusions to which no response is required. This paragraph also contains Plaintiffs' characterization of the preparation of EO-1, to which no response is required.

115. As to the last clause, Defendants lack knowledge or information sufficient to form a belief about whether unnamed individuals "closely associate" information with Mr. Bannon. Otherwise, denied, except to admit that decisions concerning the implementation of EO-1 were required following the signing of EO-1 and that different decisions regarding lawful permanent residents were made at different points in time.

116. This paragraph consists of Plaintiffs' characterizations of a statement issued by

Secretary Kelly on January 29, 2017. The statement speaks for itself and no response is required. To the extent a response is required, admit that the paragraph accurately quotes Sec. Kelly's statement; otherwise, denied.

117.    This paragraph consists of Plaintiffs' characterizations of a Memorandum issued by the Counsel to the President on February 1, 2017. The statement speaks for itself and no response is required. To the extent a response is required, admit that the Memorandum conveys "interpretive guidance" that "Sections 3(c) and 3(e)" of EO-1 "do not apply to" lawful permanent residents of the United States. Otherwise, denied.

118.    Admit that decisions concerning the implementation of EO-1 were required following the signing of EO-1. The remainder of the allegations in this paragraph consist of Plaintiffs' characterization of the implementation of EO-1, to which no response is required.

119.    This paragraph consists of Plaintiffs' characterizations of an FAQ regarding EO-1 released by CBP, which speaks for itself and to which no response is required. To the extent a response is required, admit that the paragraph correctly quotes that FAQ; otherwise, denied.

120.    Admit that decisions concerning the implementation of EO-1 were required following the signing of EO-1 and that a categorical waiver for holders of Special Immigrant Visas from Iraq was granted on February 2, 2017. The remainder of the allegations in this paragraph consist of Plaintiffs' characterization of the implementation of EO-1, to which no response is required.

121.    Admit that EO-1 did not bar holders of Canadian passports from entering the United States if otherwise admissible; otherwise, deny.

122.    Admit that EO-1 applied to individuals who were already traveling to the United States, including those aboard aircraft; otherwise, denied.

123.     This paragraph consists of Plaintiffs' characterization of a short electronic statement by President Trump, which speaks for itself.  Defendants further deny that the allegations in this paragraph are material or are a basis for showing that Plaintiffs are entitled to relief given that the Supreme Court considered numerous statements allegedly demonstrating the President's discriminatory intent in *Hawaii v. Trump*, 138 S. Ct. 2392 (2018) and nonetheless rejected materially indistinguishable claims.  To the extent there are any remaining factual allegations in this paragraph, they are denied.

124.     This paragraph consists of Plaintiffs' characterization of a short electronic statement by President Trump, which speaks for itself.  Defendants further deny that the allegations in this paragraph are material or are a basis for showing that Plaintiffs are entitled to relief given that the Supreme Court considered numerous statements allegedly demonstrating the President's discriminatory intent in *Hawaii v. Trump*, 138 S. Ct. 2392 (2018) and nonetheless rejected materially indistinguishable claims.  To the extent there are any remaining factual allegations in this paragraph, they are denied.

125.     Denied.

126.     Denied.

127.     This paragraph consists of Plaintiffs' characterizations of EO-1 and the purported effects of a particular interpretation of EO-1, to which no response is required.

128.     This paragraph consists of Plaintiffs' characterizations of a letter from the State Department, which speaks for itself and to which no response is required.

129.     Defendants lack knowledge or information sufficient to form a belief about the truth of the vague references to "a broad swath" and "in this manner" in this allegation.

130.     Deny that EO-1 and its implementation was "undertaken in secret," that the January

27, 2017 letter revoked, rather than provisionally revoked, any visas. Defendants lack knowledge or information sufficient to form a belief about the truth of the vague reference to "ordinarily" and the actions to which it applies.

131.    Denied.

132.    This paragraph consists of Plaintiffs' characterization of a short electronic statement by President Trump, which speaks for itself.  Defendants further deny that the allegations in this paragraph are material or are a basis for showing that Plaintiffs are entitled to relief given that the Supreme Court considered numerous statements allegedly demonstrating the President's discriminatory intent in *Hawaii v. Trump*, 138 S. Ct. 2392 (2018) and nonetheless rejected materially indistinguishable claims.  To the extent there are any remaining factual allegations in this paragraph, they are denied.

133.    Admit that EO-1 affected at least 2,000 people at airports and land borders; otherwise, denied.

134.    Denied.

135.    This paragraph consists of Plaintiffs' characterization of litigation concerning EO-1, which speaks for itself.  The Court is respectfully referred to the cited litigation for a complete and accurate understanding of that litigation.

136.    This paragraph consists of Plaintiffs' characterization of litigation concerning EO-1, which speaks for itself.  The Court is respectfully referred to the cited litigation for a complete and accurate understanding of that litigation.

137.    This paragraph consists of Plaintiffs' characterization of litigation concerning EO-1, which speaks for itself.  The Court is respectfully referred to the cited litigation for a complete and accurate understanding of that litigation.

138.    This paragraph consists of Plaintiffs' characterization of litigation concerning EO-1, which speaks for itself.  The Court is respectfully referred to the cited litigation for a complete and accurate understanding of that litigation.

139.    This paragraph consists of Plaintiffs' characterization of a short electronic statement by President Trump, which speaks for itself.  Defendants further deny that the allegations in this paragraph are material or are a basis for showing that Plaintiffs are entitled to relief given that the Supreme Court considered numerous statements allegedly demonstrating the President's discriminatory intent in *Hawaii v. Trump*, 138 S. Ct. 2392 (2018) and nonetheless rejected materially indistinguishable claims.  To the extent there are any remaining factual allegations in this paragraph, they are denied.

140.    This paragraph consists of Plaintiffs' characterization of litigation concerning EO-1, which speaks for itself.  The Court is respectfully referred to the cited litigation for a complete and accurate understanding of that litigation.

141.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph referencing unspecified "assur[ances] [to] the public" by the President and unspecified "closest advisors."

142.    This paragraph consists of Plaintiffs' characterization of statements by President Trump, which speak for themselves.  Defendants further deny that the allegations in this paragraph are material or are a basis for showing that Plaintiffs are entitled to relief given that the Supreme Court considered numerous statements allegedly demonstrating the President's discriminatory intent in *Hawaii v. Trump*, 138 S. Ct. 2392 (2018) and nonetheless rejected materially indistinguishable claims.  To the extent there are any remaining factual allegations in this paragraph, they are denied.

143.    This paragraph consists of Plaintiffs' characterization of statements by President Trump, which speak for themselves.  Defendants further deny that the allegations in this paragraph are material or are a basis for showing that Plaintiffs are entitled to relief given that the Supreme Court considered numerous statements allegedly demonstrating the President's discriminatory intent in *Hawaii v. Trump*, 138 S. Ct. 2392 (2018) and nonetheless rejected materially indistinguishable claims.  To the extent there are any remaining factual allegations in this paragraph, they are denied.

144.    The first sentence of this paragraph consists of Plaintiffs' characterization of statements by unspecified "senior White House officials," regarding which Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations.  The second sentence consists of Plaintiffs' characterization of statements by Sean Spicer and Stephen Miller, which speak for themselves.  Defendants further deny that the allegations in this paragraph are material or are a basis for showing that Plaintiffs are entitled to relief given that the Supreme Court considered numerous statements allegedly demonstrating the President's discriminatory intent in *Hawaii v. Trump*, 138 S. Ct. 2392 (2018) and nonetheless rejected materially indistinguishable claims.  To the extent there are any remaining factual allegations in this paragraph, they are denied.

145.    This paragraph consists of Plaintiffs' characterization of EO-2, which speaks for itself.  To the extent a response is required, admit that Plaintiffs correctly quote a portion of EO-2, but otherwise deny, including to deny that those quotes provide a complete and accurate description of EO-2.

146.    This paragraph consists of Plaintiffs' characterization of EO-2, which speaks for itself.  To the extent a response is required, admit that Plaintiffs correctly quote a portion of EO-2, but otherwise deny.

147.     This paragraph consists of Plaintiffs' characterization of EO-2, which speaks for itself.  To the extent a response is required, admit that EO-2 suspended entry for certain nationals of Syria, Sudan, Iran, Libya, Somalia, and Yemen; otherwise, denied.

148.     This paragraph consists of Plaintiffs' characterization of EO-2, which speaks for itself.  To the extent a response is required, admit that Plaintiffs correctly quote a portion of EO-2, but otherwise deny, including to deny that those quotes provide a complete and accurate description of EO-2.

149.     This paragraph consists of Plaintiffs' characterization of EO-2, which speaks for itself.  To the extent a response is required, admit that Plaintiffs correctly quote a portion of EO-2, but otherwise deny, including to deny that those quotes provide a complete and accurate description of EO-2.

150.     This paragraph consists of Plaintiffs' characterization of EO-2, which speaks for itself.  To the extent a response is required, admit that Plaintiffs correctly quote a portion of EO-2, but otherwise deny, including to deny that those quotes provide a complete and accurate description of EO-2.

151.     This paragraph consists of Plaintiffs' characterization of EO-2, which speaks for itself.  To the extent a response is required, admit that Plaintiffs correctly quote a portion of EO-2, but otherwise deny, including to deny that those quotes provide a complete and accurate description of EO-2.

152.     This paragraph consists of Plaintiffs' characterization of EO-2, which speaks for itself.  To the extent a response is required, admit that Plaintiffs correctly quote a portion of EO-2, but otherwise deny, including to deny that those quotes provide a complete and accurate description of EO-2.

153.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph about the vague term "widespread public outcry" and vague reference to the "filing of [unspecified] lawsuits."

154.    This paragraph consists of Plaintiffs' characterization of EO-2, which speaks for itself.

155.    This paragraph consists of Plaintiffs' characterization of EO-2, which speaks for itself.

156.    This paragraph relates to a claim that has now been dismissed, and consists of Plaintiffs' legal conclusions to which no response is required.  To the extent a further response is required, deny.

157.    This paragraph consists of Plaintiffs' characterization of EO-2, which speaks for itself.  To the extent a response is required, deny that Plaintiffs' characterization accurately reflects EO-2.  Further responses to each bulleted subparagraph are set forth below:

- This paragraph consists of Plaintiffs' characterization of EO-1 and EO-2, which speak for themselves.

- Admit that Section 5(g) and 6(d) of EO-2 provide for the Secretary of State to "examine existing law to determine the extent to which, consistent with applicable law, State and local jurisdictions may have greater involvement in the process of determining the placement or resettlement of refugees in their jurisdictions"; otherwise, denied.

- This paragraph consists of Plaintiffs' characterization of Section 6 of EO-1, Section 7 of EO-2 and 8 U.S.C. 1182(d)(3)(B), which speak for themselves and to which no response is required.  To the extent a response is required,

admit that previous administrations have granted categorical waivers as well as individual waivers to aliens otherwise deemed inadmissible because they have, *inter alia*, "engaged in a terrorist activity," or are "a member of a terrorist organization.  Deny that Plaintiffs' characterization is a complete and accurate description of these provisions.

- This paragraph consists of Plaintiffs' characterization of EO-1 and EO-2, which speak for themselves.

- This paragraph consists of Plaintiffs' characterization of EO-1 and EO-2, which speak for themselves.

158.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph regarding unspecified media "report[s]," and "state[ments]" by unspecified "White House officials."  Admit that President Trump delivered an address to a joint session of Congress on February 28, 2017.

159.    Admit that EO-2 was issued on March 6, 2017; deny that EO-2 was officially scheduled for issuance on any particular alternative date.

160.    This paragraph consists of plaintiffs' characterization of a purported document prepared by the Department of Homeland Security and the Department of Justice, to which no response is required.

161.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph regarding the vague term "common practice."  Deny that EO-1 and EO-2 were not justified by national security purposes or that national security purposes were "reverse-engineer[ed]."

162.    This paragraph consists of Plaintiffs' characterization of a draft report, to which no

response is required.  To the extent there are any remaining factual allegations in this paragraph, they are denied.

163.    This paragraph consists of Plaintiffs' characterization of, and quotation from, a draft report, to which no response is required.  To the extent there are any remaining factual allegations in this paragraph, they are denied.

164.    This paragraph consists of Plaintiffs' characterization of a DHS report, which speaks for itself and to which no response is required.  Deny that Plaintiffs' characterization is a complete and accurate description of that report.

165.    Admit that EO-2 does not explicitly cite the reports identified in paragraphs 162-164; otherwise, denied.

166.    Admit that EO-2 contains brief descriptions, taken in part from the Department of State's Country Reports on Terrorism 2015 (June 2016); otherwise, denied.

167.    Admit that the State Department has described countries not identified in EO-2 as providing safe havens for some terrorists or terrorist groups; otherwise, denied.

168.    This paragraph consists of Plaintiffs' characterization of a State Department report, which speaks for itself and to which no response is required.  To the extent a response is required, admit that Plaintiffs accurately quote the cited source; otherwise, denied.

169.    This paragraph consists of Plaintiffs' characterization of a State Department report, which speaks for itself and to which no response is required.  To the extent a response is required, admit that Plaintiffs accurately quote the cited source; otherwise, denied.

170.    This paragraph consists of Plaintiffs' characterization of a statement by Secretary Kelly, which speaks for itself and to which no response is required.  To the extent a response is required, admit that the paragraph accurately quotes Secretary Kelly; deny that this quote is a

complete statement of his remarks.  Further deny that an enumeration of countries to which EO-2 applies is material or provides a basis for showing that Plaintiffs are entitled to relief given that the Supreme Court considered "deviations" in treatment among different nations in *Hawaii v. Trump*, 138 S. Ct. 2392 (2018) and nonetheless rejected materially indistinguishable claims.  To the extent there are any remaining factual allegations in this paragraph, they are denied.

171.    This paragraph consists of Plaintiffs' characterization of a statement by the White House Chief of Staff, which speaks for itself and to which no response is required.  To the extent a response is required, admit that the paragraph accurately quotes Mr. Priebus; deny that this quote is a complete statement of his remarks.  Further deny that an enumeration of countries to which EO-1 applies is material or provides a basis for showing that Plaintiffs are entitled to relief given that the Supreme Court considered "deviations" in treatment among different nations in *Hawaii v. Trump*, 138 S. Ct. 2392 (2018) and nonetheless rejected materially indistinguishable claims.  To the extent there are any remaining factual allegations in this paragraph, they are denied.

172.    This paragraph consists of Plaintiffs' characterization of EO-2, which speaks for itself.

173.    Admit.

174.    Deny.

175.    This paragraph consists of Plaintiffs' characterization of litigation concerning EO-2, which speaks for itself.  The Court is respectfully referred to the cited litigation for a complete and accurate understanding of that litigation.

176.    This paragraph consists of Plaintiffs' characterization of litigation concerning EO-2, which speaks for itself.  The Court is respectfully referred to the cited litigation for a complete and accurate understanding of that litigation.

177.     This paragraph consists of Plaintiffs' characterization of litigation concerning EO-2, which speaks for itself.  The Court is respectfully referred to the cited litigation for a complete and accurate understanding of that litigation.

178.     This paragraph consists of Plaintiffs' characterization of litigation concerning EO-2, which speaks for itself.  The Court is respectfully referred to the cited litigation for a complete and accurate understanding of that litigation.

179.     This paragraph consists of Plaintiffs' characterization of litigation concerning EO-2, which speaks for itself.  The Court is respectfully referred to the cited litigation for a complete and accurate understanding of that litigation.

180.     This paragraph consists of Plaintiffs' characterization of litigation concerning EO-2, which speaks for itself.  The Court is respectfully referred to the cited litigation for a complete and accurate understanding of that litigation.

181.     This paragraph consists of Plaintiffs' characterization of litigation concerning EO-2, which speaks for itself.  The Court is respectfully referred to the cited litigation for a complete and accurate understanding of that litigation.

182.     This paragraph consists of Plaintiffs' characterization of litigation concerning EO-2 and a memorandum, which speak for themselves.  The Court is respectfully referred to the cited litigation and memorandum for a complete and accurate understanding.

183.     This paragraph consists of Plaintiffs' characterization of litigation concerning EO-2, which speaks for itself.  The Court is respectfully referred to the cited litigation for a complete and accurate understanding of that litigation.

184.     This paragraph consists of Plaintiffs' characterization of litigation concerning EO-2, which speaks for itself.  The Court is respectfully referred to the cited litigation for a complete

and accurate understanding of that litigation.

185.    This paragraph consists of Plaintiffs' characterization of statements by President Trump, which speak for themselves.  Defendants deny that these quotes are a complete and accurate representation of President Trump's statements. Defendants further deny that the allegations in this paragraph are material or are a basis for showing that Plaintiffs are entitled to relief given that the Supreme Court considered numerous statements allegedly demonstrating the President's discriminatory intent in *Hawaii v. Trump*, 138 S. Ct. 2392 (2018) and nonetheless rejected materially indistinguishable claims.  To the extent there are any remaining factual allegations in this paragraph, they are denied.

186.    This paragraph consists of Plaintiffs' characterization of statements by President Trump, which speak for themselves.  Defendants further deny that the allegations in this paragraph are material or are a basis for showing that Plaintiffs are entitled to relief given that the Supreme Court considered numerous statements allegedly demonstrating the President's discriminatory intent in *Hawaii v. Trump*, 138 S. Ct. 2392 (2018) and nonetheless rejected materially indistinguishable claims.  To the extent there are any remaining factual allegations in this paragraph, they are denied.

187.    This paragraph consists of Plaintiffs' characterization of statements by President Trump, which speak for themselves.  Defendants further deny that the allegations in this paragraph are material or are a basis for showing that Plaintiffs are entitled to relief given that the Supreme Court considered numerous statements allegedly demonstrating the President's discriminatory intent in *Hawaii v. Trump*, 138 S. Ct. 2392 (2018) and nonetheless rejected materially indistinguishable claims.  To the extent there are any remaining factual allegations in this paragraph, they are denied.

188.    This paragraph consists of Plaintiffs' characterization of statements by President Trump, which speak for themselves.  Defendants further deny that the allegations in this paragraph are material or are a basis for showing that Plaintiffs are entitled to relief given that the Supreme Court considered numerous statements allegedly demonstrating the President's discriminatory intent in *Hawaii v. Trump*, 138 S. Ct. 2392 (2018) and nonetheless rejected materially indistinguishable claims.  To the extent there are any remaining factual allegations in this paragraph, they are denied.

189.    This paragraph consists of Plaintiffs' characterization of statements by President Trump, which speak for themselves.  Defendants further deny that the allegations in this paragraph are material or are a basis for showing that Plaintiffs are entitled to relief given that the Supreme Court considered numerous statements allegedly demonstrating the President's discriminatory intent in *Hawaii v. Trump*, 138 S. Ct. 2392 (2018) and nonetheless rejected materially indistinguishable claims.  To the extent there are any remaining factual allegations in this paragraph, they are denied.

190.    This paragraph consists of Plaintiffs' characterization of statements by President Trump, which speak for themselves.  Defendants further deny that the allegations in this paragraph are material or are a basis for showing that Plaintiffs are entitled to relief given that the Supreme Court considered numerous statements allegedly demonstrating the President's discriminatory intent in *Hawaii v. Trump*, 138 S. Ct. 2392 (2018) and nonetheless rejected materially indistinguishable claims.  To the extent there are any remaining factual allegations in this paragraph, they are denied.

191.    This paragraph consists of Plaintiffs' characterization of statements by President Trump, which speak for themselves.  Defendants further deny that the allegations in this paragraph

are material or are a basis for showing that Plaintiffs are entitled to relief given that the Supreme Court considered numerous statements allegedly demonstrating the President's discriminatory intent in *Hawaii v. Trump*, 138 S. Ct. 2392 (2018) and nonetheless rejected materially indistinguishable claims. To the extent there are any remaining factual allegations in this paragraph, they are denied.

192. This paragraph consists of Plaintiffs' characterization of statements by President Trump, which speak for themselves. Defendants further deny that the allegations in this paragraph are material or are a basis for showing that Plaintiffs are entitled to relief given that the Supreme Court considered numerous statements allegedly demonstrating the President's discriminatory intent in *Hawaii v. Trump*, 138 S. Ct. 2392 (2018) and nonetheless rejected materially indistinguishable claims. To the extent there are any remaining factual allegations in this paragraph, they are denied.

193. Denied.

194. This paragraph consists of Plaintiffs' characterization of statements by President Trump, which speak for themselves. Defendants further deny that the allegations in this paragraph are material or are a basis for showing that Plaintiffs are entitled to relief given that the Supreme Court considered numerous statements allegedly demonstrating the President's discriminatory intent in *Hawaii v. Trump*, 138 S. Ct. 2392 (2018) and nonetheless rejected materially indistinguishable claims. To the extent there are any remaining factual allegations in this paragraph, they are denied.

195. This paragraph consists of Plaintiffs' characterization of statements by President Trump, which speak for themselves. Defendants further deny that the allegations in this paragraph are material or are a basis for showing that Plaintiffs are entitled to relief given that the Supreme

Court considered numerous statements allegedly demonstrating the President's discriminatory intent in *Hawaii v. Trump*, 138 S. Ct. 2392 (2018) and nonetheless rejected materially indistinguishable claims.  To the extent there are any remaining factual allegations in this paragraph, they are denied.

196.    This paragraph consists of Plaintiffs' characterization of statements by President Trump, which speak for themselves.  Defendants further deny that the allegations in this paragraph are material or are a basis for showing that Plaintiffs are entitled to relief given that the Supreme Court considered numerous statements allegedly demonstrating the President's discriminatory intent in *Hawaii v. Trump*, 138 S. Ct. 2392 (2018) and nonetheless rejected materially indistinguishable claims.  To the extent there are any remaining factual allegations in this paragraph, they are denied.

197.    Admit that the Proclamation was issued on September 24, 2017 and that EO-2's entry suspensions would have otherwise expired on that date; otherwise denied.

198.    This paragraph consists of Plaintiffs' characterization of the Proclamation (which Plaintiffs refer to as "EO-3"), which speaks for itself and to which no response is required.  To the extent a response is required, deny.

199.    This paragraph consists of Plaintiffs' characterization of the Proclamation, which speaks for itself and to which no response is required.  To the extent a response is required, admit that the Proclamation's entry suspensions operate based in part on the nationality of certain persons seeking entry to the United States.  Otherwise, deny.

200.    This paragraph consists of Plaintiffs' characterization of the Proclamation, which speaks for itself and to which no response is required.  To the extent a response is required, admit that the Proclamation does not distinguish between Syrians seeking immigrant or non-immigrant

visas.  Otherwise, denied.

201.    This paragraph consists of Plaintiffs' characterization of the Proclamation, which speaks for itself and to which no response is required.  To the extent a response is required, admit that this paragraph contains correct quotations of the Proclamation; otherwise, denied.

202.    This paragraph consists of Plaintiffs' characterization of the Proclamation, which speaks for itself and to which no response is required. To the extent a response is required, admit that the Proclamation suspends entry based on the enumerated categories of visas; otherwise, deny.

203.    This paragraph consists of Plaintiffs' characterization of the Proclamation, which speaks for itself and to which no response is required.  To the extent a response is required, admit that this paragraph contains correct quotations of the Proclamation; otherwise, denied.

204.    The first sentence of this paragraph consists of Plaintiffs' characterization of the Proclamation, which speaks for itself and to which no response is required.  As to the second sentence, deny.  As to the third sentence, Defendants lack knowledge or information sufficient to form a belief about the truth of the vague references to "estimates" in this allegation.

205.    The first sentence of this paragraph consists of Plaintiffs' characterization of the Proclamation, which speaks for itself and to which no response is required.  To the extent a response is required, admit that the Proclamation does not distinguish between North Koreans seeking immigrant or non-immigrant visas; otherwise, deny.  The remainder of this paragraph consists of Plaintiffs' speculation about the number of North Koreans who may have sought to obtain visas in the future absent the Proclamation, regarding which  Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations.

206.    This paragraph consists of Plaintiffs' characterization of the Proclamation, which speaks for itself and to which no response is required.  To the extent a response is required, admit

that the Proclamation originally suspended entry of Chadians relying on immigrant or non-immigrant visitor or business visas, but aver that nationals of Chad are no longer subject to entry restrictions pursuant to Procl. No. 9723; otherwise, deny.

207.    This paragraph consists of Plaintiffs' characterizations of EO-1, EO-2, and the Proclamation, which speak for themselves and to which no response is required.  To the extent a response is required, admit that the table correctly enumerates certain categories of visas as subject to the suspension of entry except nationals of Chad who are no longer subject to entry restrictions pursuant to Procl. No. 9723; otherwise, deny.

208.    This paragraph consists of Plaintiffs' characterization of the Proclamation, which speaks for itself and to which no response is required.  To the extent a response is required, admit that the paragraph correctly quotes the Proclamation and that the waiver provision of the Proclamation enumerates nine examples of situations in which a waiver might be appropriate; otherwise, deny.

209.    This paragraph consists of Plaintiffs' characterization of EO-1, EO-2, and the Proclamation, which speak for themselves and to which no response is required.  To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph about the vague terms "widespread public outcry" and vague reference to the "filing of [unspecified] lawsuits."

210.    This paragraph consists of Plaintiffs' characterizations of EO-1, EO-2, and the Proclamation, which speak for themselves and to which no response is required.  To the extent a response is required, admit that legal challenges to EO-1 were brought by lawful permanent residents and dual nationals.  Otherwise, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph about the vague term "public

condemnation" and vague reference to unspecified other "legal challenges."

211.    This paragraph consists of Plaintiffs' characterization of the Proclamation, to which no response is required.  To the extent a further response is required, admit that the Proclamation is currently in effect.

212.    This paragraph consists of Plaintiffs' characterization of the Proclamation and EO-2, which speak for themselves and to which no response is required.

213.     This paragraph consists of Plaintiffs' characterization of EO-1, EO-2, and the Proclamation, which speak for themselves, and to which no response is required.

214.    This paragraph consists of Plaintiffs' characterization of the Proclamation and the cited statute, which speak for themselves and to which no response is required.  To the extent a response is required, admit that the Proclamation relies in part on the review ordered by EO-2; otherwise, deny.

215.    This paragraph consists of Plaintiffs' characterization of the Proclamation, which speaks for itself and to which no response is required.  To the extent a response is required, admit that the paragraph correctly quotes the Proclamation and that the Secretary of Homeland Security identified 16 countries as being inadequate; otherwise, deny.

216.    This paragraph consists of Plaintiffs' characterization of the Proclamation, which speaks for itself and to which no response is required.  To the extent a response is required, admit that the paragraph correctly quotes the Proclamation and that the Secretary of Homeland Security identified 31 countries as being at risk of becoming inadequate; otherwise, deny.

217.    This paragraph consists of Plaintiffs' characterization of the Proclamation, which speaks for itself and to which no response is required.

218.    This paragraph consists of Plaintiffs' characterization of the Proclamation, which

speaks for itself and to which no response is required.

219.     This paragraph consists of Plaintiffs' characterization of the Proclamation, which speaks for itself and to which no response is required.  To the extent a response is required, denied.

220.     This paragraph consists of Plaintiffs' characterization of the Proclamation, which speaks for itself and to which no response is required.

221.     This paragraph consists of Plaintiffs' characterization of the Proclamation, which speaks for itself and to which no response is required.  To the extent a response is required, admit that the cited provision states that "[t]here are . . . alternative sources for obtaining information to verify the citizenship and identity of nationals from Venezuela," otherwise, denied.

222.     This paragraph consists of Plaintiffs' characterization of a regulation and the State Department and Department of Homeland Security's practices, which speak for themselves and to which no response is required.

223.     This paragraph consists of Plaintiffs' characterization of the Proclamation, which speaks for itself and to which no response is required.  To the extent a response is required, admit that the Proclamation does not mention Belgium, but deny that the absence of discussion of each and every country within the text of the Proclamation is material or provides a basis for showing that Plaintiffs are entitled to relief given that the Supreme Court considered "deviations" in treatment among different nations in *Hawaii v. Trump*, 138 S. Ct. 2392 (2018) and nonetheless rejected materially indistinguishable claims.  To the extent there are any remaining factual allegations in this paragraph, they are denied.

224.     This paragraph consists of Plaintiffs' characterization of a General Accounting Office report, which speaks for itself and to which no response is required.  To the extent a response is required, deny that the absence of discussion of each and every country within the text of the

Proclamation is material or provides a basis for showing that Plaintiffs are entitled to relief given that the Supreme Court considered "deviations" in treatment among different nations in *Hawaii v. Trump*, 138 S. Ct. 2392 (2018) and nonetheless rejected materially indistinguishable claims.  To the extent there are any remaining factual allegations in this paragraph, they are denied.

225.    This paragraph consists of Plaintiffs' characterization of the Proclamation, which speaks for itself and to which no response is required.  To the extent a response is required, deny.

226.    This paragraph consists of Plaintiffs' characterization of the Proclamation, which speaks for itself and to which no response is required.  To the extent a response is required, deny.

227.    This paragraph consists of legal conclusions to which no response is required.  Defendants further deny that any of the assertions in this paragraph is material given that the Supreme Court considered materially identical assertions in *Hawaii v. Trump*, 138 S. Ct. 2392 (2018) and nonetheless rejected materially indistinguishable claims.

228.    Denied.

229.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and the header prior to this paragraph.

230.    The first sentence of this paragraph consists of Plaintiffs' characterization of EO-1 and EO-2, to which no response is required.  To the extent a response is required, deny.  As to the remainder of the paragraph, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth therein.

231.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

232.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

233.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

234.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

235.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

236.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

237.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

238.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

239.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

240.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

241.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

242.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

243.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

244.    Defendants lack knowledge or information sufficient to form a belief about the truth

of the allegations in this paragraph.

245.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

246.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

247.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph as to IRAP's clients specifically; however, deny Plaintiffs' conclusions that EO-1 and EO-2 or the Proclamation marginalized individuals, subjected individuals to suspicion or social isolation, inflicted stigmatic and dignitary injuries, or unlawfully discriminated on the basis of religion.

248.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

249.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

250.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

251.    As to the first two sentences, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations therein. The remainder of this paragraph consists of Plaintiffs' characterization of other litigation, which speaks for itself and to which no response is required.  The Court is respectfully referred to that litigation for a full and accurate description of that litigation.

252.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

253.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

254.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

255.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

256.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

257.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

258.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

259.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

260.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph regarding HIAS; however, deny that EO-2 intentionally discriminated against Muslims.

261.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

262.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

263.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

264.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

265.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

266.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

267.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

268.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

269.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

270.    This paragraph relates to a claim that has now been dismissed. Defendants further lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

271.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

272.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph as to HIAS specifically; however, deny that EO-1, EO-2, or the Proclamation convey an official message of disapproval and hostility toward individuals based on their religion or deems any non-alien to be an outsider or to be less than a full member of the political community.

273.    Defendants lack knowledge or information sufficient to form a belief about the truth

of the allegations in this paragraph as to HIAS specifically; however, deny that EO-1, EO-2, or the Proclamation convey an anti-Muslim message or that individuals have been subjected to baseless suspicion, social and political isolation, or have suffered other dignitary and stigmatic injuries or have been unlawfully discriminated against on the basis of religion as a result of EO-1, EO-2, or the Proclamation.

274.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

275.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

276.    This paragraph includes Plaintiffs' characterization of a communication from the State Department, which speaks for itself.  Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

277.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

278.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

279.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

280.    As to the first sentence, this sentence represents Plaintiffs' characterization of a communication from the State Department, which speaks for itself.  Otherwise, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

281.    Defendants lack knowledge or information sufficient to form a belief about the truth

of the allegations in this paragraph.

282.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

283.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

284.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

285.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

286.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

287.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

288.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

289.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

290.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

291.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

292.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

293.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

294.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

295.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph as to MESA members; however, deny that EO-1, EO-2, or the Proclamation convey an anti-Muslim message or that individuals have been subjected to baseless suspicion, social and political isolation, or have suffered other dignitary and stigmatic injuries or have been unlawfully discriminated against on the basis of religion as a result of EO-1, EO-2, or the Proclamation.

296.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

297.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph as to MESA; however, deny that EO-1, EO-2, or the Proclamation have a stigmatic message.

298.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

299.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

300.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

301.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

302.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

303.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

304.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

305.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

306.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph as to AAANY's clients and staff; however, deny that EO-1, EO-2, or the Proclamation impugn Islam, have a frightening effect, or have caused hate crimes to increase.

307.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph as to AAANY and its clients; however, deny that EO-1, EO-2, or the Proclamation have caused hate crimes to increase, convey an anti-Muslim message, constitute an attempt to ban individuals based on their religion, or suggest that members of any religion are a "national problem" or an "existential threat."

308.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

309.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

310.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

311.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph as to YAMA members.  As to Plaintiffs' characterization of statements by President Trump, those statements speak for themselves.

312.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

313.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph as to YAMA members; however, admit that there are presently hostilities in and affecting Yemen.

314.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

315.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

316.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

317.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph as to John Doe #1; however, deny that the Proclamation sends a message communicating that any lawful permanent resident is unwanted and deny that the Proclamation demonizes John Doe #1 and his family.

318.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

319.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

320.    Defendants lack knowledge or information sufficient to form a belief about the truth

of the allegations in this paragraph as to John Doe #3.  Deny that EO-2 and the Proclamation send a message that the U.S. government does not welcome individuals on the basis of their actual or perceived religion or assumes that everyone who comes from a country for which entry is suspended is a terrorist.

321.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

322.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph as to John Doe #3.  Deny that EO-1, EO-2, or the Proclamation caused the referenced shooting in Kansas.

323.    Defendants at this time lack knowledge and information sufficient to form a belief about the truth of the allegations in this paragraph related to John Doe #4's circumstances but, to the extent this paragraph characterizes the EO-1 or EO-2, or the Proclamation, Defendants refer to the Proclamation and those Orders for a complete and accurate description of their contents.

324.    Defendants at this time lack knowledge and information sufficient to form a belief about the truth of the allegations in this paragraph related to John Doe #4's particular circumstances but, to the extent this paragraph characterizes the Proclamation, Defendants refer to the Proclamation itself for a complete and accurate description of its contents.

325.    Defendants at this time lack knowledge and information sufficient to form a belief about the truth of the allegations in this paragraph related to John Doe #4's particular circumstances and opinions but Defendants deny that EO-1 was "an attempt to ban Muslims" and, to the extent this paragraph otherwise characterizes EO-1, Defendants refer to EO-1 itself for a complete and accurate description of its contents.

326.    Defendants at this time lack knowledge and information sufficient to form a belief

about the truth of the allegations in this paragraph related to John Doe #4's particular circumstances and opinions but Defendants deny that the Proclamation, EO-1 or EO-2 is or was a "Muslim ban," deny that the Proclamation or any of those orders is or was "about keeping people out of the United States because of their religion" and, to the extent this paragraph otherwise characterizes the Proclamation, EO-1, or EO-2, Defendants refer to those sources for a complete and accurate description of their contents.

327.    Defendants at this time lack knowledge and information sufficient to form a belief about the truth of the allegations in this paragraph related to John Doe #5's particular circumstances but, to the extent this paragraph characterizes the Proclamation, EO-1 or EO-2, Defendants refer to those sources for a complete and accurate description of their contents.

328.    Defendants at this time lack knowledge and information sufficient to form a belief about the truth of the allegations in this paragraph related to John Doe #5's particular circumstances and opinions but, to the extent this paragraph characterizes the Proclamation, EO-1 or EO-2, Defendants deny that these sources violate principles of freedom, justice and opportunity and refer to the sources themselves for a complete and accurate description of their contents.  To the extent there are any remaining factual allegations in this paragraph, they are denied.

329.    Defendants at this time lack knowledge and information sufficient to form a belief about the truth of the allegations in this paragraph related to John Doe #5's experiences and opinions, but otherwise deny this paragraph

330.    Defendants at this time lack knowledge and information sufficient to form a belief about the truth of the allegations in this paragraph related to Jane Doe #2's particular circumstances but, to the extent this paragraph characterizes the Proclamation, EO-1 or EO-2, Defendants refer to those sources for a complete and accurate description of their contents.  To the extent there are

any remaining factual allegations in this paragraph, they are denied.

331.     Defendants at this time lack knowledge and information sufficient to form a belief about the truth of the allegations in this paragraph related to Jane Doe #2's particular circumstances but, to the extent this paragraph characterizes the Proclamation or EO-2, Defendants refer to the Proclamation and EO-2 for a complete and accurate description of their contents.

332.     Defendants lack knowledge and information sufficient to form a belief about the truth of the allegations in this paragraph.

333.     Defendants lack knowledge and information sufficient to form a belief about the truth of the allegations in this paragraph.

334.     Defendants at this time lack knowledge and information sufficient to form a belief about the truth of the allegations in this paragraph related to Jane Doe #2's particular circumstances but, to the extent this paragraph characterizes the Proclamation, Defendants refer to the Proclamation itself for a complete and accurate description of its contents.

335.     Defendants lack knowledge and information sufficient to form a belief about the truth of the allegations in this paragraph concerning Jane Doe #2's circumstances and opinions, but otherwise deny this paragraph.

336.     Defendants at this time lack knowledge and information sufficient to form a belief about the truth of the allegations in this paragraph related to Mr. Meteab's circumstances but, to the extent this paragraph characterizes the Proclamation, EO-1 or EO-2, Defendants refer to those sources for a complete and accurate description of their contents.

337.     Defendants lack knowledge and information sufficient to form a belief about the truth of the allegations in this paragraph.

338.     Defendants lack knowledge and information sufficient to form a belief about the

truth of the allegations in this paragraph.

339.     Defendants lack knowledge and information sufficient to form a belief about the truth of the allegations in this paragraph.

340.     Defendants deny this paragraph to the extent it alleges that the Proclamation, EO-1 or EO-2 "have encouraged other people to discriminate against Muslims."  Defendants otherwise lack knowledge and information sufficient to form a belief about the truth of the allegations in this paragraph.

341.     Defendants lack knowledge and information sufficient to form a belief about the truth of the allegations in this paragraph concerning Mr. Meteab's subjective opinions, but otherwise deny this paragraph.

342.     Defendants deny the allegations in this paragraph to the extent they are inconsistent with the Department of State's records as discussed in response to paragraph 41.  Defendants otherwise lack knowledge and information sufficient to form a belief about the truth of the allegations in this paragraph concerning Mr. Mashta's circumstances and opinions.  To the extent this paragraph characterizes the Proclamation, EO-1 and EO-2, Defendants respectfully refer the Court to those sources for a full and accurate description of their contents.  To the extent there are any remaining factual allegations in this paragraph, they are denied.

343.     Defendants deny the allegations in this paragraph to the extent they are inconsistent with the Department of State's records as discussed in response to paragraph 41.  Defendants otherwise lack knowledge and information sufficient to form a belief about the truth of the allegations in this paragraph.

344.     Defendants deny the allegations in this paragraph to the extent they are inconsistent with the Department of State's records as discussed in response to paragraph 41.  To the extent this

paragraph characterizes the Proclamation, EO-1 or EO-2, Defendants respectfully refer the Court to those sources for a full and accurate description of their contents.  Defendants otherwise lack knowledge and information sufficient to form a belief about the truth of the allegations in this paragraph.

345.    Defendants deny the allegations in this paragraph to the extent they are inconsistent with the Department of State's records as discussed in response to paragraph 41.  To the extent this paragraph characterizes Mr. Mashta's subjective opinions, Defendants lack knowledge and information sufficient to form a belief as to the truth of these characterizations.  Defendants otherwise deny this paragraph.

346.    Defendants deny the third sentence alleging that Ms. Amirjamshidi's mother's visa application is pending.  Per 22 C.F.R. 41.121, visa applications are adjudicated at the time of interview and a consular officer must either issue or refuse the visa at that time.  Beyond this, Defendants at this time lack knowledge and information sufficient to form a belief about the truth of the allegations in this paragraph related to Ms. Amirjamshidi's particular circumstances but, to the extent this paragraph characterizes the Proclamation, EO-1 or EO-2, Defendants refer to those sources for a complete and accurate description of their contents.

347.    Defendants lack knowledge and information sufficient to form a belief about the truth of the allegations in this paragraph.

348.    Defendants lack knowledge and information sufficient to form a belief about the truth of the allegations in this paragraph.

349.    To the extent this paragraph characterizes Ms. Amirjamshidi's subjective opinions, Defendants lack knowledge and information sufficient to form a belief as to the truth of these characterizations.  Defendants otherwise deny this paragraph.

350.    Defendants deny the allegations in this paragraph to the extent they are inconsistent with the Department of State's records as discussed in response to paragraph 43.  Defendants otherwise lack knowledge and information sufficient to form a belief about the truth of the allegations in this paragraph concerning Mr. Shirani's individual circumstances.  To the extent this paragraph characterizes the Proclamation, EO-1 or EO-2, Defendants respectfully refer the Court to those sources for a full and accurate description of their contents.

351.    Defendants deny the allegations in this paragraph to the extent they are inconsistent with the Department of State's records as discussed in response to paragraph 43.  Defendants otherwise lack knowledge and information sufficient to form a belief about the truth of the allegations in this paragraph.

352.    Defendants deny the allegations in this paragraph to the extent they are inconsistent with the Department of State's records as discussed in response to paragraph 43.  Defendants otherwise lack knowledge and information sufficient to form a belief about the truth of the allegations in this paragraph.

353.    Defendants deny the allegations in this paragraph to the extent they are inconsistent with the Department of State's records as discussed in response to paragraph 43.  To the extent this paragraph characterizes the Proclamation, EO-1 or EO-2, Defendants respectfully refer the Court to those sources for a full and accurate description of their contents.  Defendants otherwise lack knowledge and information sufficient to form a belief about the truth of the allegations in this paragraph.

354.    This paragraph consists of allegations relating to a plaintiff who has voluntarily dismissed her claims.

355.    This paragraph consists of allegations relating to a plaintiff who has voluntarily

dismissed her claims.

356.    This paragraph consists of allegations relating to a plaintiff who has voluntarily dismissed her claims.

357.    This paragraph consists of allegations relating to a plaintiff who has voluntarily dismissed her claims.

358.    This paragraph consists of allegations relating to a plaintiff who has voluntarily dismissed her claims.

359.    Defendants at this time lack knowledge and information sufficient to form a belief about the truth of the allegations in this paragraph related to Ms. Khazaeli's circumstances but, to the extent this paragraph characterizes the Proclamation, EO-1 or EO-2, Defendants refer to the Proclamation and those Orders for a complete and accurate description of their contents.

360.    Defendants at this time lack knowledge and information sufficient to form a belief about the truth of the allegations in this paragraph related to Ms. Khazaeli's circumstances and those of her family but, to the extent this paragraph characterizes the Proclamation or the previous Executive Orders, Defendants refer to the Proclamation and those Orders for a complete and accurate description of their contents.

361.    Defendants lack knowledge and information sufficient to form a belief about the truth of the allegations in this paragraph.

362.    To the extent this paragraph characterizes Ms. Khazaeli's individual circumstances and opinions, Defendants lack knowledge and information sufficient to form a belief about the truth of these characterizations.  Defendants otherwise deny this paragraph.

363.    Defendants lack knowledge and information sufficient to form a belief about the truth of the allegations in this paragraph.

364.    Denied.

As to the heading prior to paragraph 365, Defendants admit that Plaintiffs assert allegations on behalf of a putative class but deny that class treatment is legally permissible or appropriate.

365.    As to this paragraph and the three sub-paragraphs, admit that Plaintiffs bring this Complaint as a putative class action on behalf of the described putative class, but deny that certification of this or any other class is legally permissible or appropriate.

366.    This paragraph consists of a legal conclusion, to which no response is required. To the extent a response is required, denied.

367.    This paragraph consists of a legal conclusion, to which no response is required. To the extent a response is required, denied.

368.    Denied, except to state that information concerning issuance of immigrant and non-immigrant visas is available at https://travel.state.gov/content/travel/en/legal/visa-law0/visa-statistics/annual-reports/report-of-the-visa-office-2015.html and Defendants respectfully refer the Court to the sources available at that site for a full and accurate description of its contents.

369.    This paragraph consists of Plaintiffs' characterization of an unspecified prior government statement, to which no response is required. To the extent a further response is required, denied.

370.    This paragraph consists of a legal conclusion, to which no response is required. To the extent a response is required, denied.

371.    This paragraph consists of a legal conclusion, to which no response is required. To the extent a response is required, denied.

372.    This paragraph consists of a legal conclusion, to which no response is required. To the extent a response is required, denied.

373.     This paragraph consists of a legal conclusion, to which no response is required.  To the extent a response is required, denied.

374.     This paragraph consists of a legal conclusion, to which no response is required.  To the extent a response is required, denied.

375.     This paragraph consists of a legal conclusion, to which no response is required.  To the extent a response is required, denied.

As to the headings before paragraph 376, Defendants admit that Plaintiffs purport to bring a claim under the Establishment Clause but deny that the Proclamation or EO-2 violates the Establishment Clause and deny that Plaintiffs are entitled to any relief whatsoever on this or any other claim.

376.     Defendants incorporate by reference their responses to paragraphs 1-375 as if fully set forth herein.

377.     This paragraph consists of a legal conclusion, to which no response is required.  To the extent a response is required, denied.

As to the headings before paragraph 378, Defendants admit that Plaintiffs purport to bring an Equal Protection claim but deny that the Proclamation or EO-2 violates principles of equal protection and deny that Plaintiffs are entitled to any relief whatsoever on this or any other claim.

378.     Defendants incorporate by reference their responses to paragraphs 1-377 as if fully set forth herein.

379.     Defendants admit that Plaintiffs' quotation of the Due Process Clause of the Fifth Amendment is accurate.  This paragraph otherwise consists of a legal conclusion, to which no response is required.

380.     This paragraph consists of a legal conclusion, to which no response is required.  To

the extent a response is required, denied.

381.    This paragraph consists of a legal conclusion, to which no response is required.  To the extent a response is required, denied.

As to the headings before paragraph 382, Defendants admit that Plaintiffs purport to bring a procedural due process claim but deny that the Proclamation or EO-2 violates procedural due process and deny that Plaintiffs are entitled to any relief whatsoever on this or any other claim.

382.    Defendants incorporate by reference their responses to paragraphs 1-381 as if fully set forth herein.

383.    This paragraph consists of a legal conclusion, to which no response is required.  To the extent a response is required, admit that Plaintiffs' quotation of the Fifth Amendment is accurate.

384.    This paragraph consists of a legal conclusion, to which no response is required.  To the extent a response is required, denied.

385.    This paragraph consists of a legal conclusion, to which no response is required.  To the extent a response is required, denied.

386.    This paragraph consists of a legal conclusion, to which no response is required.  To the extent a response is required, denied.

387.    This paragraph consists of a legal conclusion, to which no response is required.  To the extent a response is required, denied.

388.    This paragraph consists of a legal conclusion, to which no response is required.  To the extent a response is required, denied.

389.    This paragraph consists of a legal conclusion, to which no response is required.  To the extent a response is required, denied.

390.    This paragraph consists of a legal conclusion, to which no response is required.  To the extent a response is required, denied.

As to the headings before paragraph 391, Defendants admit that Plaintiffs purport to bring a claim under the Immigration and Nationality Act ("INA") and Administrative Procedure Act ("APA") but deny that the Proclamation or EO-2 violates the INA or APA and deny that Plaintiffs are entitled to any relief whatsoever on this or any other claim.

Paragraphs 391 through 396 relate to a claim that has been dismissed by the Court.  To the extent a response to these paragraphs is required, denied.

As to the headings before paragraph 397, Defendants admit that Plaintiffs purport to bring a claim under the INA and APA but deny that the Proclamation or EO-2 violates the INA or APA and deny that Plaintiffs are entitled to any relief whatsoever on this or any other claim.

Paragraphs 397 through 401 relate to a claim that has been dismissed by the Court.  To the extent a response to these paragraphs is required, denied.

As to the headings before paragraph 402, Defendants admit that Plaintiffs purport to bring a claim under the Religious Freedom Restoration Act ("RFRA") but deny that the Proclamation or EO-2 violates RFRA and deny that Plaintiffs are entitled to any relief whatsoever on this or any other claim.

402.    Defendants incorporate by reference their responses to paragraphs 1-401 as if fully set forth herein.

403.    This paragraph consists of a legal conclusion, to which no response is required.  To the extent a response is required, denied.

404.    This paragraph consists of a legal conclusion, to which no response is required.  To the extent a response is required, denied.

405.    This paragraph consists of a legal conclusion, to which no response is required.  To the extent a response is required, denied.

As to the headings before paragraph 406, Defendants admit that Plaintiffs purport to bring a claim under the Refugee Act and APA but deny that the Proclamation or EO-2 violates the Refugee Act or APA and deny that Plaintiffs are entitled to any relief whatsoever on this or any other claim.

Paragraphs 406 through 411 relate to a claim that has been dismissed by the Court.  To the extent a response to these paragraphs is required, denied.

As to the headings before paragraph 412, Defendants admit that Plaintiffs purport to bring a claim under the APA but deny that the Proclamation or EO-2 violates the APA and deny that Plaintiffs are entitled to any relief whatsoever on this or any other claim.

Paragraphs 412 through 416 relate to a claim that has been dismissed by the Court.  To the extent a response to these paragraphs is required, denied.

**PRAYER FOR RELIEF**

The remainder of the Complaint comprises a Prayer for Relief, to which no response is required.  To the extent a response is required, Defendants deny that Plaintiffs are entitled to any of the requested relief or to any relief whatsoever.

Defendants hereby deny all allegations in the Complaint not expressly admitted or denied or otherwise responded to.

Defendants reserve the right to raise any of the affirmative defenses set forth in Federal Rule of Civil Procedure 8 should facts become known that support those defenses.  Defendants further reserve the right to prepare and plead any and all defenses which may become applicable

during the course of this litigation.

WHEREFORE, having fully answered the Complaint, Defendants assert that Plaintiffs are not entitled to the relief requested, or to any relief whatsoever, and requests that this action be dismissed in its entirety with prejudice and that Defendants be given such other relief as this Court deems proper, including costs and disbursements.

Dated: May 31, 2019             Respectfully submitted,

                                JOSEPH H. HUNT
                                Assistant Attorney General

                                ROBERT K. HUR
                                United States Attorney

                                JOHN R. TYLER
                                Assistant Director, Federal Programs Branch

                                */s/  Daniel Schwei*
                                DANIEL SCHWEI (Bar No. 96100)
                                ERIC J. SOSKIN (PA Bar No. 200663)
                                Senior Trial Counsel
                                ANDREW M. BERNIE (DC Bar No. 995376)
                                Trial Attorney
                                United States Department of Justice
                                Civil Division, Federal Programs Branch
                                1100 L St. NW
                                Washington DC 20005
                                Tel: (202) 305-8693
                                Fax: (202) 616-8460
                                E-mail: daniel.s.schwei@usdoj.gov