# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

_____

No. 19-5196                          September Term, 2018

1:17-cv-01154-EGS

Filed On: July 19, 2019

In re: Donald J. Trump, in his official capacity
as President of the United States,

      Petitioner

**BEFORE:**     Millett, Pillard, and Wilkins, Circuit Judges

### O R D E R

Upon consideration of the petition for writ of mandamus and motion for stay pending disposition of the mandamus petition, the opposition thereto, the reply, and the Rule 28(j) letter, it is

**ORDERED** that the petition for mandamus be denied without prejudice. Although Petitioner has identified substantial questions concerning standing and the cause of action, he has not shown a clear and indisputable right to dismissal of the complaint in this case on either of those grounds.  See Cheney v. United States Dist. Court for D.C., 542 U.S. 367, 381 (2004); In re al-Nashiri, 791 F.3d 71, 78 (D.C. Cir. 2015).

Petitioner requests in the alternative a writ of mandamus directing the district court to certify for interlocutory appeal pursuant to 28 U.S.C. § 1292(b) its September 28, 2018 and April 30, 2019 orders denying petitioner's motion to dismiss. This court is of the view that those orders squarely meet the criteria for certification under Section 1292(b).  Cf. In re Trump, No. 18-2486, 2019 WL 2997909, at *8 (4th Cir. July 10, 2019).  The question of whether the Foreign Emoluments Clause, U.S. CONST. Art. I, § 9, cl. 8, or other authority gives rise to a cause of action against the President is unsettled, and the standing question arises at the intersection of precedent.  Compare Virginia House of Delegates v. Bethune-Hill, 139 S. Ct. 1945 (2019), with Coleman v. Miller, 307 U.S. 433 (1939).  In addition, because either of those issues could be dispositive of this case, it appears to this court that the district court abused its

discretion by concluding that an immediate appeal would not advance the ultimate termination of the litigation just because discovery and summary judgment briefing could proceed expeditiously.  The district court did not adequately address whether—given the separation of powers issues present in a lawsuit brought by members of the Legislative Branch against the President of the United States—resolving the legal questions and/or postponing discovery would be preferable, or whether discovery is even necessary (or more limited discovery would suffice) to establish whether there is an entitlement to declaratory and injunctive relief of the type sought by plaintiffs.  See Cheney, 542 U.S. at 391 (error to allow civil suit against the Vice President to proceed "without even reaching the weighty separation of powers objections raised in the case" about the scope of discovery); Clinton v. Jones, 520 U.S. 681, 707 (1997) (given separation of powers concerns, avoiding unnecessary burdens on the President "is a matter that should inform the conduct of the entire proceeding, including the timing and scope of discovery[]").  In an inter-branch dispute like this, those important and open threshold questions of pure law are best resolved conclusively through an expedited interlocutory appeal with focused briefing and oral argument, rather than tentatively through the demanding lens of the mandamus requirement of clear and indisputable error.

The question of whether a court of appeals has jurisdiction to issue a writ of mandamus to order a district court to certify an issue for interlocutory appeal pursuant to 28 U.S.C. § 1292(b) has divided the courts of appeals.  Compare, e.g., In re Trump, 2019 WL 2997909, at *8–9, with In re Ford Motor Co., 344 F.3d 648, 653–55 (7th Cir. 2003) (collecting cases).  We need not wade into that dispute at this time.  We instead exercise our discretion to deny the writ, without prejudice, and remand the matter to the district court for immediate reconsideration of the motion to certify and the motion to stay the proceedings.  It is

**FURTHER ORDERED** that the motion for stay pending resolution of the petition for mandamus be dismissed as moot.

This panel will retain jurisdiction only over the decision whether to grant any petition for permission to appeal, should the district court grant certification pursuant to 28 U.S.C. § 1292(b) upon remand, or any subsequent petition for writ of mandamus, should the district court deny certification upon remand.

**Per Curiam**

          **FOR THE COURT:**
          Mark J. Langer, Clerk

BY:  /s/
      Amanda Himes
      Deputy Clerk